Form B1 (Official Form 1) - (Rev. 04/07)    2007 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br><br>Estate Financial Mortgage Fund, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all):   71-0865392 | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br><br>806 9th Street, Suite 1A<br>Paso Robles, CA<br>ZIP CODE 93446 | Street Address of Joint Debtor (No. & Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br> San Luis Obispo | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE | |

**Type of Debtor (Form of Organization)** (Check **one** box.)

- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (if debtor is not one of the above entities, check this box and state type of entity below)

**Nature of Business** (Check **one** box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ other

**Tax-Exempt Entity** (Check **one** box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.)

**Chapter of Bankruptcy Code Under Which** the Petition is Filed (Check **one** box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check **one** box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- ☒ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors:**

**Check one box:**
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101 (51D).

**Check if:**
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Check all applicable boxes:**
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b)

**Statistical/Administrative Information**

- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE FOR COURT USE ONLY**

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 to $10,000 | $10,001 to $100,000 | $100,001 to $1 million | $1,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $1 million | $1,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ |

Form B1 (Official Form 1) (Rev. 04/07)                                                        2007 USBC, Central District of California

## Voluntary Petition
*(This page must be completed and filed in every case.)*

| Name of Debtor(s): Estate Financial Mortgage Fund, LLC | **FORM B1**, Page 2 |
|---|---|

| Prior Bankruptcy Case Filed Within Last 8 Years (If more than two, attach additional sheet) |
|---|

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) |
|---|

| Name of Debtor: Estate Financial, Inc. | Case Number: 9:08-11457 RR | Date Filed: 6/25/08 (invol) |
|---|---|---|
| District: CD Cal. | Relationship: Affiliate | Judge: Riblet |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>❑ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)        Date |

| Exhibit C | Exhibit D |
|---|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>❑ Yes, and Exhibit C is attached and made a part of this petition.<br><br>☒ No | (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>❑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>❑ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| Information Regarding the Debtor - Venue<br>(Check any applicable box) |
|---|

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

❑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

❑ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

| Statement by a Debtor Who Resides as a Tenant of Residential Property<br>*Check all applicable boxes.* |
|---|

❑ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

❑ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

❑ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

Form B1 (Official Form 1) (Rev. 04/07)                                                    2007 USBC, Central District of California

## Voluntary Petition
*(This page must be completed and filed in every case)*

Name of Debtor(s):   **FORM B1**, Page 3
Estate Financial Mortgage Fund, LLC

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney

X /s/ Lewis R. Landau
Signature of Attorney for Debtor(s)

Lewis R. Landau, Attorney at Law
Printed Name of Attorney for Debtor(s)

Firm Name
23564 Calabasas Road, Suite 104
Address
Calabasas, CA 91302

(818)225-1948
Telephone Number

7/1/08 _____ 143391 _____
Date                                    Bar Number

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X /s/ David Gould
Signature of Authorized Individual

David Gould
Printed Name of Authorized Individual

Dissolution Manager
Title of Authorized Individual

7/1/08
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign main proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

❑   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

❑   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

_____

X _____
                            Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

# CONSENT OF THE MEMBERS AND MANAGER

## OF

## ESTATE FINANCIAL MORTGAGE FUND, LLC
### A California Limited Liability Company

The undersigned, being all of the Members and the Manager of Estate Financial Mortgage Fund, LLC, a California limited liability company (the "Company"), and taking action as permitted by the Operating Agreement ("Operating Agreement") hereby consent to and approve the following resolutions:

> WHEREAS, the members of the Company have determined that it is in the best interests of the Company to wind up its affairs and voluntarily dissolve and liquidate on the terms and conditions to be determined by the Dissolution Manager; and

> WHEREAS, the Company currently has certain assets (the "Assets"); and

> WHEREAS, all directors and officers of the Company have unanimously determined that the Assets should be managed, liquidated and distributed in accordance with the business judgment of the Dissolution Manager.

> NOW, THEREFORE, IT IS HEREBY RESOLVED: That as approved by the Members and as provided by applicable provisions of the California Corporations Code, the management, liquidation and dissolution of the Company be effected under the Operating Agreement and applicable law. RESOLVED FURTHER, that the Company be wound up and dissolved.

> RESOLVED FURTHER, that the Manager of the Company is hereby authorized and directed to distribute the Assets in accordance with the Operating Agreement and applicable law.

> RESOLVED FURTHER: That the Agreement is hereby approved by the Members of the Company, the Dissolution Manager be authorized, empowered and directed to do any and all things which he may deem necessary or advisable to carry out the purposes and intention of the Operating Agreement and these resolutions.

Dated: June 29, 2008

MANAGER:

ESTATE FINANCIAL, INC.
a California corporation

By:    Karen Guth
Its:   President

MEMBERS:

ESTATE FINANCIAL, INC., as Attorney-in-Fact
For the Persons listed on Schedule A hereto

By:    Karen Guth
Its:   President

**Minutes of Action by Manager and Statement of Unanimous Consent of**

**Estate Financial Mortgage Fund, LLC**

The undersigned, constituting all of the officers and directors of Estate Financial, Inc. ("Manager") entitled to vote on the resolutions set forth below, acting in accordance with the Operating Agreement ("Operating Agreement") of Estate Financial Mortgage Fund, LLC ("Fund") and in accordance with California Corporations Code section 17350 *et seq.* and other applicable laws, hereby consent to the adoption of the following resolutions and actions, waive notice, and declare them to be in full force and effect upon acceptance by the Dissolution Manager as set forth herein.

WHEREAS, the Manager has determined that is not reasonably practicable to carry on the business of the Fund in conformity with the articles of organization or Operating Agreement in that there has been a material change in the character of the business of the Fund;

WHEREAS, it is in the best interests of the Fund that the Fund be voluntarily and completely wound up, liquidated and dissolved, under and pursuant to the laws of the State of California, that the appropriate officers of the Fund be, and each hereby is, authorized, empowered and directed to take such steps as are necessary to dissolve and liquidate the Fund, and that a plan for its voluntary and complete liquidation and dissolution shall be designed and adopted by the Dissolution Manager as appointed herein, whereby it will promptly proceed to wind up and settle its affairs, collect its assets, convey and dispose of its properties, pay, satisfy and discharge its liabilities and obligations, and do all other acts required to liquidate its business and affairs in accordance with the Operating Agreement and California law;

WHEREAS, it may be in the best interests of the Fund to commence and consummate dissolution proceedings in accordance with the Operating Agreement and applicable Federal and California law;

WHEREAS, the Manager has determined that it is in the best interests of Manager and the Fund to appoint a substitute Manager in place of Manager for purposes of effectuating such dissolution and winding up the affairs of the Fund;

THEREFORE IT IS RESOLVED, that Manager hereby appoints David Gould, a professional corporation, as substitute manager of the Fund ("Dissolution Manager") in accordance with sections 1.15, 9.02 and 12.05(e) of the Operating Agreement.  To the extent applicable, the Operating Agreement is hereby amended to effectuate such appointment of the Dissolution Manager;

RESOLVED FURTHER, that the Dissolution Manager shall have full power and authority to act as manager of the Fund and to take all actions necessary or appropriate to manage the Fund, wind up the Funds' affairs and/or commence and consummate the dissolution thereof in any court of competent jurisdiction, including but not limited to commencing a case under Title 11 of the United States Code and/or the preparation, execution, verification and filing of the Certificate of Election to Wind Up and Dissolve (CASOS Form);

RESOLVED FURTHER, that in the event of a bankruptcy filing under Title 11, the Dissolution Manager is authorized to execute and deliver all documents necessary to perfect the

filing of such voluntary bankruptcy case on behalf of the Fund, including, but not limited to, the voluntary petition and all schedules and exhibits attached thereto;

RESOLVED FURTHER, that in the event of a chapter 11 bankruptcy filing the Dissolution Manager is authorized to appear in all bankruptcy proceedings on behalf of the Fund, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Fund in connection with such bankruptcy case or otherwise;

RESOLVED FURTHER, that the Manager hereby ratifies and confirms the appointment of David Gould to the executive officer position of Dissolution Manager of the Fund, effective as of July 1, 2008 pursuant to that certain Employment Agreement attached hereto at Exhibit "A;"

RESOLVED FURTHER, that such individual shall serve in such position until the termination of his employment as manager of the Fund by order of any court with appropriate jurisdiction; and

RESOLVED FURTHER, that the officers and directors of the Fund or any of them, are hereby authorized and directed to take any and all actions and to execute any and all instruments and do any and all things deemed by them to be necessary or desirable to carry out the intent and purposes of the foregoing resolutions.

This action may be executed in counterparts, by facsimile and shall be effective for all purposes upon acceptance thereof by all the officers and directors of Manager and acceptance thereof the Dissolution Manager.

This Resolution is executed this 30th day of June 2008.

MANAGER:

ESTATE FINANCIAL, INC.
a California corporation


By:   Karen Guth
Its:   President


Accepted:


Dated:  June 30, 2008            **DISSOLUTION MANAGER**


David Gould, a professional corporation
By:   David Gould

# EXHIBIT A

EMPLOYMENT AGREEMENT

DISSOLUTION MANAGER

This Agreement is entered into by and between the ESTATE FINANCIAL MORTGAGE FUND, LLC, a California limited liability corporation, hereinafter referred to as "Company", and David Gould, a professional corporation, hereinafter referred to as "Employee."

RECITALS

A.      The Company desires to secure the professional services of a Dissolution Manager for Estate Financial Mortgage Fund, LLC.

B.      The Employee, through its principal David Gould, desires to provide professional services to the Company under the terms of this Agreement.

NOW THEREFORE, in consideration of the mutual covenants and benefits expressed herein, the Company and Employee agree as follows:

1.      **EMPLOYMENT**.  The Company hereby agrees to employ Employee, and Employee hereby accepts such employment, on the terms and conditions set forth herein.

(a)     **Term**.  This Agreement will commence on the Effective Date (as defined below) and will continue until terminated pursuant to Section 5 hereof (the "Term").

(b)     **Position and Duties**.  Employee shall be employed in the position of an executive officer with the title of Dissolution Manager.  Employee shall have complete control over all operational, administrative and financial needs of the Company.  The services to be rendered by the Dissolution Manager shall include all services customarily rendered by persons engaged in the same capacity or in a similar capacity in the Company's industry and financial condition, and such other services as may be reasonably requested by the Company from time to time.  Employee shall abide by the Company's rules, regulations and operating policies, practices and procedures in effect during the Term, as the same may be modified or amended by the Company or the Court from time to time.  Employee shall report to no one, but shall be responsive to the orders of the United States Bankruptcy Court for the Central District of California (the "Court").

(c)     **Non-Exclusive Services**.  During the Term, Employee will devote his best efforts to Company and shall dedicate such time and attention to the Company's affairs as required by the circumstances at hand, although nothing herein shall require that he utilize the Company premises.  Employee will be permitted to engage in outside employment or business (whether for compensation or otherwise) without the prior written consent of the Court or any person so long as such activities do not materially interfere with his obligations to the Company under this Agreement and do not relate to

the business of the Company or conflict with any Company positions material to its business; provided however, Employee recognizes and acknowledges that the position of Dissolution Manager may require his full time and exclusive services for a number of months.  Employee shall not directly or indirectly acquire, hold or retain any material interest in any business competing, directly or indirectly, with the business of Company, except for investments in mutual and other similar funds or investments of 1% or less of the equity of a publicly traded company.

2.    **SALARY AND BONUS**.

(a)    **Base Salary**.  The Company shall pay Employee as compensation for his services hereunder compensation commensurate with his ordinary compensation when acting as a court appointed trustee, which amount shall be paid in accordance with Court orders.  Any compensation paid by the Company shall be subject to the review and adjustment by the Court.

(b)    **Bonus**.  Employee shall be eligible to request that the Court award a bonus based on his success in reaching financial milestones that are exceptional or deserving of such a bonus, in the Court's sole discretion.

3.    **BENEFITS**.

(a)    **Benefit Plans**.  Employee shall be eligible to participate in the employee benefit plans currently and hereafter maintained by the Company or by its prior manager of general applicability to other executive-level employees of the Company, specifically including group health coverage and other similar insurance or benefit plans or programs, to the extent that Employee satisfies the eligibility requirements under the general provisions thereof.

(b)    **Expenses**.  The Company will pay or reimburse Employee for reasonable travel and other expenses incurred by Employee in the furtherance of or in connection with the performance of Employee's duties hereunder in accordance with the Company's established policies and procedures with respect thereto (which policies and procedures shall include, at minimum, prompt submission of receipts and other supporting documentation reasonably requested by the Company).  Notwithstanding the foregoing, Employee shall be entitled to travel business class on all business-related flights with scheduled air time exceeding ninety (90) minutes, and the Company shall pay or reimburse such expenses in accordance with this Section 3(b).  All travel expenses shall be subject to review and allowance by the Court.

(c)    **Living Expenses**.  The Company will pay or reimburse Employee for reasonable living expenses incurred by Employee in Paso Robles in the furtherance of or in connection with the performance of Employee's duties hereunder during the initial months of employment when his presence is required at the Company on a daily basis. Thereafter, the Company will pay or reimburse Employee for reasonable hotel expenses incurred by Employee in Paso Robles in the furtherance of or in connection with the performance of Employee's duties hereunder.

(d)    **Automobile**.  The Company will pay or reimburse Employee for reasonable automobile expenses incurred by Employee either in Paso Robles or in commuting to and from Paso Robles or any location where business of the Company must be conducted in the furtherance of or in connection with the performance of Employee's duties hereunder.

(e)    **Tax Identification**.  Employee shall provide the Company with its tax identification number.

4.    **EMPLOYEE'S DUTIES.**

(a)    **Liquidation Role**.    Employee's duties hereunder shall be to dissolve the Company as set forth in the Operating Agreement ("Agreement") that was made and effective as of January 29, 2002, by and among Estate Financial, Inc., a California corporation, and such persons as were admitted as members pursuant to the terms of such Agreement ("Members").  He shall be diligent in fiscal conservation and utilization of administrative resources and assets, and, in doing so, shall engage in or supervise all necessary administrative details, and do all other administrative things and operational functions required to liquidate the assets of the Company as promptly as is consistent with recovering the fair market value thereof, either by sale to third parties or by servicing the Company's outstanding loans in accordance with their terms; provided, however, the Dissolution Manager shall liquidate all Company assets for the best price reasonably obtainable in order to completely wind up the Company's affairs within five (5) years after the date of dissolution unless such time is otherwise extended by the Court.

(b)    **Cooperation**.  The Dissolution Manager shall work directly with Estate Financial, Inc., in determining prompt, efficient and protective measures for engaging in the liquidation and dissolution activities as necessary.

(c)    **Control Over Employees, Payroll and Financial Accounts**.  In accordance with all Court orders, the Dissolution Manager shall coordinate and supervise the duties of all administrative staff, employ all necessary staff and maintain all payroll, and have sole and complete control over all financial accounts, including administrative, operating, subscription, loan servicing trust accounts, construction fund control accounts and escrow accounts.  Subject to any Court orders, it is the intent of the parties that the Dissolution Manager shall have complete control over all assets, financial decisions, operations and all day-to-day business decisions.

(d)    **Retention of Professionals**.  Subject to any order of the Court, the Employee shall have all necessary powers to manage and carry out the purposes, business and affairs of the Company, including but not limited to all authority set forth in the Operating Agreement and all authority to retain such advisors and professionals, execute all instruments and documents and do all other things necessary or appropriate in the judgment of the Dissolution Manager to effectuate any of the foregoing duties.

5.    **TERMINATION.**

(a)    **Termination by Employee Prior to Expiration of Term**.    If Employee terminates his employment with the Company prior to the expiration of the Term as set forth herein, then the Court may appoint a substitute Dissolution Manager.

(b)    **Termination for Cause**.    The Company may terminate Employee's employment under this Agreement only upon issuance of a Court order finding Cause (as defined below).  If Employee's employment is terminated for Cause, Employee shall be entitled to receive (i) his accrued but unpaid Base Salary and accrued but unused vacation time through the date of termination, (ii) reimbursement pursuant to Section 3(b), (c) and (d) for any expenses or charges incurred through the date of termination and (iii) payment of any bonus amounts earned pursuant to Section 2(b).  In the event of any such termination, Employee's rights under the Company's benefit plans of general application shall be determined under the provisions of those plans.

(c)    **Termination Without Cause**.    Neither the Company nor the Members may terminate Employee's employment under this Agreement without Cause and an appropriate Court order.

(d)    **Definitions**.    For purposes of this Agreement, "cause" means (1) misappropriation of the Company's funds or unlawful appropriation of the Company's property, assets or other rights, or embezzlement from or with respect to the Company or any of its clients, (2) fraud or deliberate injury or attempted injury by Employee in connection with the business of the Company, including the commission of any act that causes material harm to the employees, agents or customers of the Company or that materially impairs the Company's relationship with such employees, agents or customers, (3) conviction of Employee for or the entering of a plea of *nolo contendre* with respect to any felony or other crime that the Board reasonably believes has had or will have a materially detrimental effect on Employer's reputation or business, (4) any material breach of Employee's obligations to Company under any other agreement with the Company, or any material unauthorized disclosure of any confidential information of the Company, (5) the failure, refusal or gross neglect by Employee to substantially perform any or all of his obligations to the Company, (6) repeated behavior that is illegal, including substance abuse or habitual intoxication, and that impairs Employee's job performance, or (7) Employee's death or permanent and total disability (as such term is defined in Section 22(e)(3) of the Internal Revenue Code of 1986, as amended).

6.    **REPRESENTATION    AND    WARRANTIES;    COVENANTS**. Employee represents and warrants to Company that:  (i) Employee is under no contractual or other restriction or obligation that is materially inconsistent with the execution of this Agreement, the performance of his duties hereunder or the rights of Company hereunder, including, without limitation, any development agreement, non-competition agreement or confidentiality agreement previously entered into by Employee, (ii) Employee has disclosed to the Company in writing all known conflicts of interest and potential conflicts of interest created as a result of Employee's employment by the Company pursuant to the terms hereof, (iii) Employee is under no physical, mental

or other disability that would substantially hinder or prevent the performance of his duties under this Agreement and (iv) Employee will comply with all applicable laws and regulations in the performance of his duties and responsibilities hereunder.  In addition, Employee covenants and agrees, during the Term hereof, to at all times refrain from any self-dealing transactions and to avoid any actual or potential conflicts of interest, and to promptly apprise the Court of any fact or circumstance that could reasonably be construed to violate the foregoing provisions.

7.    **NON-DISCLOSURE AND CONFIDENTIAL INFORMATION**.  In recognition of the special nature of his employment under this Agreement, including his special access to confidential information, and in consideration of his employment pursuant to this Agreement, Employee agrees to the covenants and restrictions set forth in this Section 7.

(a)    **Confidential Information**.    As used in this Agreement, "Confidential Information" means all information of a business or technical nature that relates to the Company, including, without limitation, such as proprietary information, technical data, trade secrets, or know-how, including, but not limited to, research, product plans, products, services, customer lists and customers, markets, software, developments, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances, plans or drafts thereof, strategies or thoughts or discussions regarding possible actions in the pending bankruptcy cases, or other business or financial information.  Notwithstanding the preceding sentence, the term "Confidential Information" does not include information that is or becomes publicly available through no fault of Employee, or information that was rightfully in Employee's possession or known by him prior to receipt from the Company.

(b)    **Non-Disclosure**.  Employee acknowledges that the Confidential Information constitutes a protectible business interest of the Company, and covenants and agrees that during his employment, whether under this Agreement or otherwise, and after the termination of such employment, he will not, directly or indirectly, disclose, furnish, make available or utilize any of the Confidential Information, other than in the proper performance of his duties for the Company.

(c)    **Return of Confidential Information**.  Employee acknowledges that all records, documents and tangible embodiments containing Confidential Information prepared by Employee or coming into his possession by virtue of his employment by the Company are and will remain the property of the Company.  Upon termination of his employment with the Company, Employee shall immediately return to the Company all such items in his possession and all copies of such items excepting only his personal copies of (i) records relating to his compensation, (ii) any materials previously distributed generally to members of the Company, and (iii) this Agreement.

(d)    **Compliance with Court Orders**.  Employee and the Company acknowledge and agree that the Confidential Information shall be protected as set forth herein, excepting only (i) to the extent ordered otherwise by the Court or (ii) as required by the Bankruptcy Code.

8.    **INDEMNIFICATION**.    The Employee shall not have any liability whatsoever to the Company or to any Member for any loss suffered by the Company or any Member which arises out of any action or inaction of the Dissolution Manager or any of its shareholders, officers, directors, employees or agents, so long as (a) the Dissolution Manager or such other person, in good faith, determined that such course of conduct was in the best interests of the Company, and (b) the Court has not entered an order making findings of fraud, bad faith or willful misconduct. The Employee and its shareholders, officers, directors, employees and agents shall be entitled to be indemnified and held harmless by the Company, at the expense of the Company, against any loss, expense, claim or liability (including reasonable attorneys' fees, which shall be paid as incurred) resulting from the assertion of any claim or legal proceeding relating to the performance or nonperformance of any act concerning the activities of the Company, including claims or legal proceedings brought by a third party or by Members, on their own behalf or as a Company derivative suit, so long as the party to be indemnified determined in good faith that such course was in the best interests of the Company and did not constitute fraud, bad faith or willful misconduct; provided, that any such indemnity shall be paid solely from the assets of the Company. Nothing herein shall prohibit the Company from paying in whole or in part the premiums or other charge for any type of indemnity insurance in which the Dissolution Manager or other agents or employees of the Dissolution Manager or the Company are indemnified or insured against liability or loss arising out of their actual or asserted misfeasance or nonfeasance in the performance of their duties or out of any actual or asserted wrongful act against, or by, the Company including, but not limited to, judgments, fines, settlements and expenses incurred in the defense of actions, proceedings and appeals therefrom.

11.    **INSURANCE**.    At the cost of the Company, the Employee shall be entitled to obtain and effect necessary insurance for the proper protection of the Company or the Employee in any obtainable form of E&O or D&O insurance.

12.    **VENUE**.    The United States Bankruptcy Court for the Central District of California shall be the sole venue for the resolution of any disputes arising herein.

13.    **MISCELLANEOUS**.

(a)    **Modification**.    This Agreement sets forth the entire understanding and agreement of the parties with respect to the subject matter hereof, supersedes all existing agreements, arrangements or understandings, whether oral or written, between them concerning such subject matter, and may be modified only by a written instrument duly executed by each party.

(b)    **Assignment**.    This Agreement and all rights hereunder are personal to Employee and may not be assigned by Employee, nor may any of Employee's duties hereunder be delegated at any time. Company may assign its rights, together with its obligations hereunder, to any parent, subsidiary, affiliate or successor, or in connection with any sale, transfer or other disposition of all or substantially all of its business and assets, provided, however, that any such assignee assumes Company's obligations

hereunder.  Subject to the foregoing, this Agreement shall inure to the benefit of, and be binding upon, the parties and their respective successors and permitted assigns.

(c)  **Governing Law**.  This Agreement shall be governed by and construed in accordance with the laws of the State of California without regard to principles of conflicts of law.

(d)  **Survival**.  The covenants, agreements, representations and warranties contained in or made pursuant to Sections 6 and 7 hereof by Employee shall survive the termination of this Agreement and Employee's employment with Company.

(e)  **Third Party Beneficiaries**.  This Agreement does not create, and shall not be construed as creating, any rights enforceable by any person or entity not a party to this Agreement, except for David Gould in his individual capacity.

(f)  **Waiver**.  The failure of either party hereto at any time to enforce performance by the other party of any provision of this Agreement shall in no way affect such party's rights thereafter to enforce the same, nor shall the waiver by either party of any breach of any provision hereof be deemed to be a waiver by such party of any other breach of the same or any other provision hereof.

(g)  **Section Headings**.  The headings of the several sections in this Agreement are inserted solely for the convenience of the parties and are not a part of and are not intended to govern, limit or aid in the construction of any term or provision hereof.

(h)  **Notices**.  All notices and other communications required or permitted under this Agreement shall be in writing and shall be deemed effectively given (i) upon personal delivery, (ii) on the third day following deposit in the United States Post Office, by registered or certified mail with postage and fees prepaid, or (iii) on the next day following deposit with a nationally recognized courier service (such as Federal Express) for overnight delivery, addressed to the other party hereto at such party's address hereinafter shown below such party's signature or at such other address as such party may designate by 10 days advance written notice to the other party hereto.

(i)  **Severability**.  All sections, clauses thereof and covenants contained in this Agreement are severable, and in the event any of them shall be held to be invalid by any court, this Agreement shall be interpreted as if such invalid sections, clauses or covenants were not contained herein.

(j)  **Counterparts**.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement.

(k)  **Attorneys' Fees and Costs**.  In the event of litigation regarding this Agreement brought by any interested party, the prevailing party shall be entitled to reasonable attorneys' fees and costs for all actions in defense, including at trial and on appeal.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year written below, and it shall become effective upon execution by both parties (the Effective Date").

Dated:        June 30, 2008

**COMPANY:**        **ESTATE FINANCIAL MORTGAGE FUND, LLC**

By: ESTATE FINANCIAL, INC., its Managing Member

By: _____
Name:        Karen Guth
Title:        President

Address:        806 9th Street, Suite 1A
                Paso Robles, California 93446

Dated: June 30, 2008

**EMPLOYEE:**

**DAVID GOULD, a professional corporation**

Address:        David Gould
                23801 Calabasas Road, Suite 2032
                Calabasas, California 91302

**DAVID GOULD, individually**

**Estate Financial Mortgage Fund, LLC,**

**a California limited liability company**

## CORPORATE RESOLUTION OF THE MANAGING MEMBER

The undersigned, being the sole Managing Member of ESTATE FINANCIAL MORTGAGE FUND, LLC, a California limited liability company (the "Company") and holding the title Dissolution Manager ("Dissolution Manager"), hereby consents in writing to the following resolutions, pursuant to California Corporations Code section 17350 *et seq*., as amended:

WHEREAS, the Dissolution Manager is empowered to make all decisions affecting the business of the Company and deems it advisable and in the best interest of the Company to file a Voluntary Petition pursuant to Chapter 11 of Title 11, United States Code, for the reorganization and subsequent structured liquidation of the Company in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court");

WHEREAS, the Dissolution Manager is authorized under the Operating Agreement to execute any and all papers and/or documents on behalf of the Company for the purpose of effectuating the foregoing Voluntary Petition under Chapter 11, which papers and/or documents may include but not necessarily be limited to: (i) Voluntary Petition; (ii) List of Twenty Largest Unsecured Creditors; (iii) List of Creditors; (iv) Matrix Mailing List; and (v) any and all other papers and/or documents that the Dissolution Manager may deem necessary or advisable for the purpose of effectuating the foregoing Voluntary Petition and the reorganization of the Company; and

WHEREAS, the Dissolution Manager wishes to retain Lewis R. Landau ("Landau") to be general bankruptcy and reorganization counsel for the Company.

NOW, THEREFORE, BE IT RESOLVED, that the Dissolution Manager does hereby approve of the filing of a Voluntary Petition in the Bankruptcy Court on behalf of the Company;

FURTHER RESOLVED, that Dissolution Manager is hereby authorized and directed to execute any and all papers and/or documents to effectuate the filing of a Chapter 11 case, including, but not limited to, the Voluntary Petition and the other above referenced papers and/or documents for purposes of effectuating a voluntary Chapter 11 filing and the reorganization of the Company.

FURTHER RESOLVED, that the Dissolution Manager does hereby approve and directs that Landau be retained as the Company's general bankruptcy and restructuring counsel, each on the terms set forth in its respective engagement letter.

DATED: June 30, 2008.


DISSOLUTION MANAGER

Estate Financial Mortgage Fund, LLC., a California corporation



By:    _____

David Gould, a professional corporation
By:    David Gould

Form B4  (Official Form 4) - (10/05)                                                                    2005 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT | |
| CENTRAL DISTRICT OF CALIFORNIA | |

| In re<br>Estate Financial Mortgage Fund, LLC | CHAPTER: 11 |
| Debtor(s). | CASE NO.: |

# Form 4.
# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims.  The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case.  The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor *and complete* mailing address including zip code | Name, telephone number and complete mailing address including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, govern-ment contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| See attached list. | | | | |

Date:  7/1/08

/s/ David Gould,
Dissolution Manager
Debtor

[Declaration as in Form 2]

In re Estate Financial Mortgage Fund, LLC

List of 20 Largest Unsecured Creditors

| Name | Nature of Debt | Disputed (D)/ Contingent (C)/ Unliquidated (U) | Amount |
|---|---|---|---|
| Bryan Cave, LLP<br>PO Box 503089<br>St Louis, MO  63150-3089 | Legal | Yes DCU | $91,182 |
| Farella Braun & Martel<br>Russ Bldg, 235 Montgomery St.<br>San Francisco, CA  94104 | Legal | Yes DCU | $87,274 |
| David G. Ure<br>PO Box 1930<br>Paso Robles, CA  93447 | Legal | Yes DCU | $37,643 |
| FCI Lender Services, Inc.<br>8180 East Kaiser Blvd.<br>Anaheim Hills, CA  92808-2277 | Misc Foreclosure Fees | Yes DCU | $24,634 |
| Jeffrey S. Benice<br>650 Town Center Drive, Ste 1300<br>Costa Mesa, CA  92626 | Legal | Yes DCU | $12,368 |
| Diehl & Rodewald<br>1043 Pacific St.<br>San Luis Obispo, CA  93401 | Legal | Yes DCU | $8,817 |
| Donald D. Harmata<br>2201 Q Street<br>Sacramento, CA  95816-6817 | Legal | Yes DCU | $6,965 |
| Doss Law, A Law Corp.<br>2020 Main St., Ste 950<br>Irvine, CA  92614-8231 | Legal | Yes DCU | $6,192 |
| Hastings Enterprises<br>504 First St., Ste A<br>Paso Robles, CA  93446 | Office rent | Yes DCU | $3,977 |
| McCormick Barstow LLP<br>PO Box 28912<br>Fresno, CA  93729-8912 | Legal | Yes DCU | $3,490 |

| | | | |
|---|---|---|---|
| Simon & Associates<br>1606 Stockton St., Ste 207<br>San Francisco, CA  94133 | Legal | Yes  DCU | $3,469 |
| S & S Rent-A-Fence<br>PO Box 220027<br>Newhall, CA  91322-0027 | Fence rental | Yes DCU | $2,531 |
| Seid & Zucker, CPA's<br>935 Riverside Ave., Ste 1<br>Paso Robles, CA  93446 | Accounting fees | Yes DCU | $2,075 |
| Stein & Lubin<br>600 Montgomery St., 14th Floor<br>San Francisco, CA  94111 | Legal | Yes DCU | $2,061 |
| Bandz Services Inc<br>8491 Annandale Ave<br>Desert Hotsprings, CA  92240 | Security Service | Yes DCU | $1,130 |
| SLOCO Data<br>1635 W. Grand Ave, Ste A<br>Grover Beach, CA  93433 | Printing | Yes DCU | $1,021 |
| Crawford& Bangs, LLP<br>1290 E. Center Court Drive<br>Covina, CA  91724-3600 | Legal | Yes DCU | $834 |
| Ventura Printing<br>200 North Elevar St.<br>Oxnard, CA  93030 | Envelopes | Yes DCU | $833 |
| Chapparral<br>PO Box 3828<br>Paso Robles, CA  93447 | Copier Maintenance | Yes DCU | $809 |
| Andrew W. Hayes<br>1220 Marsh St.<br>San Luis Obispo, CA  93401 | Legal | Yes DCU | $775 |

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name    Lewis R. Landau, Attorney at Law

Address    23564 Calabasas Road, Suite 104, Calabasas, CA 91302

Telephone    (818)225-1948

[x] Attorney for Debtor(s)
[ ] Debtor in Pro Per

---

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names used by Debtor(s) within last 8 years: | Case No.: |
|---|---|
| | Chapter: 11 |
| Estate Financial Mortgage Fund, LLC | |

---

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of __9__ sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:    7/1/08

/s/ David Gould, Dissolution Manager

*Debtor*

/s/ Lewis R. Landau

*Attorney (if applicable)*

*Joint Debtor*

Estate Financial Mortgage Fund, LLC
David Gould, Dissolution Manager
23801 Calabasas Road, Suite 2032
Calabasas, CA 91302


Lewis R. Landau
23564 Calabasas Road
Suite 104
Calabasas, CA  91302


United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Karen Guth
806 9th Street, Suite 1A
Paso Robles, CA 93446


Joshua Yaguda
806 9th Street, Suite 1A
Paso Robles, CA 93446


Leonard M. Shulman
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610


Katherine M. Windler
Bryan Cave, LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386


William Beall
Beall & Burkhardt
1114 State St # 200
Santa Barbara, CA, 93101


M.  Freddie Reiss
F T I Consulting
633 West 5th Street
Suite 1600
Los Angeles, CA 90071

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114


California Employment Development Department
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001


Franchise Tax Board
Attention: Bankruptcy
PO Box 2952
Sacramento, CA 95812-2952


California State Board of Equalization
Special Procedures Section, MIC 55
PO Box 942879
Sacramento, CA 94279-0055


Securities Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036


Civil Process Clerk
United States Attorney's Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012


Attorney General
United States Department of Justice
Ben Franklin Station
P. O. Box 683
Washington, DC 20044

Mary Ann Smith
Senior Corporations Counsel
Dept of Corporations
1515 K Street, Suite 200
Sacramento, CA 95814


Mary F. Clarke
John Van Driel
Department of Real Estate
PO Box 187007
Sacramento, CA 95818


Office of the Attorney General
1300 "I" Street
P.O. Box 944255
Sacramento, CA 94244-2550


Martin J. Brill
Levene, Neale, Bender, Rankin & Brill
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067


Roger B. Frederickson
Sinsheimer Juhnke Lebens & McIvor LLP
1010 Peach Street
PO Box 31
San Luis Obispo, CA 93406


Hanno Powell
Powell & Pool
7522 N Colonial Ave Ste 100
Fresno, CA, 93711-5706

Andrew W. Hayes
1220 Marsh St.
San Luis Obispo, CA  93401


Atascadero Mutual Water Co
PO Box 6075
Atascadero, CA  93423-6075


Auto Club
PO Box 25002
Santa Ana, CA  92799-5002


Bandz Services Inc
8491 Annandale Ave
Desert Hotsprings, CA  92240


Bank of America
PO Box 30610
Los Angeles, CA  90030-0610


Bryan Cave, LLP
PO Box 503089
St Louis, MO  63150-3089


Came Security Alarms
2950 Main St.
Morro Bay, CA  93442


Chapparral
PO Box 3828
Paso Robles, CA  93447


CIG
PO Box 2093
Monterey, CA  93942

City of El Paso de Robles
821 Pine St, Ste A
Paso Robles, CA  93446


Crawford& Bangs, LLP
1290 E. Center Court Drive
Covina, CA  91724-3600


Creekside Estates HOA
PO Box 7833
Tahoe City, CA  96145-7833


David C. Peterson
1835 Atascadero Rd.
Morro Bay, CA  93442


David G. Ure
PO Box 1930
Paso Robles, CA  93447


Diehl & Rodewald
1043 Pacific St.
San Luis Obispo, CA  93401


Donald D. Harmata
2201 Q Street
Sacramento, CA  95816-6817


Doss Law, A Law Corp.
2020 Main St., Ste 950
Irvine, CA  92614-8231


Farella Braun & Martel
Russ Bldg, 235 Montgomery St.
San Francisco, CA  94104

FCI Lender Services, Inc.
8180 East Kaiser Blvd.
Anaheim Hills, CA  92808-2277


Federal Express
PO Box 7221
Pasadena, CA  91109-7321


First Insurance Funding Corp
PO Box 66468
Chicago, IL  60666-0468


Golden State Overnight
PO Box 2508
Alameda, CA  94501


Hastings Enterprises
504 First St., Ste A
Paso Robles, CA  93446


J. Terrence O'Farrell
PO Box 13059
San Luis Obispo, CA  93406


Jeffrey S. Benice
650 Town Center Drive, Ste 1300
Costa Mesa, CA  92626


Kimball, Tirey & St. John
1202 Kettner Blvd, Fifth Floor
San Diego, CA  92101-3353


McCormick Barstow LLP
PO Box 28912
Fresno, CA  93729-8912

Norcast Communications
1998 Santa Barbara St., Ste 100
San Luis Obispo, CA  93401


Norcast Technology
1998 Santa Barbara St., Ste 100
San Luis Obispo, CA  93401


Oceanside Landscape Service
157 Santa Fe
Shell Beach, CA  93449


Pacific Locksmiths.com
332 Morro Bay Blvd.
Morro Bay, Ca  93442


Paso Robles Chamber of Commerce
1225 Park St.
Paso Robles, CA  93446-2234


S & S Rent-A-Fence
PO Box 220027
Newhall, CA  91322-0027


Seid & Zucker, CPA's
935 Riverside Ave., Ste 1
Paso Robles, CA  93446


Shell Oil
Processing Center
PO Box 183018
Columbus, OH  43218-3018


Simon & Associates
1606 Stockton St., Ste 207
San Francisco, CA  94133

SLOCO Data
1635 W. Grand Ave, Ste A
Grover Beach, CA  93433


Stein & Lubin
600 Montgomery St., 14th Floor
San Francisco, CA  94111


The Gas Company
PO Box C
Monterey Park, CA  91756


Ventura Printing
200 North Elevar St.
Oxnard, CA  93030


Verizon Wireless
PO Box 9622
Mission Hills, CA  91346-9622

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

FOR COURT USE ONLY

Lewis R. Landau, Attorney at Law (SBN 143391)
23564 Calabasas Road, Suite 104
Calabasas, CA 91302
Voice: (818)225-1948; Fax: (818) 804-3672

☒ Attorney for: Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re: Estate Financial Mortgage Fund, LLC

Debtor(s).

CASE NO.:

CHAPTER: 11

ADV. NO.:

## ELECTRONIC FILING DECLARATION
## (CORPORATION/PARTNERSHIP)

☒  Petition, statement of affairs, schedules or lists          Date Filed: 7/1/08
☐  Amendments to the petition, statement of affairs, schedules or lists     Date Filed: _____
☒  Other: Mail List Verification          Date Filed: 7/1/08

## PART I - DECLARATION OF AUTHORIZED SIGNATORY OF DEBTOR OR OTHER PARTY

I, the undersigned, hereby declare under penalty of perjury that: (1) I have been authorized by the Debtor or other party on whose behalf the above-referenced document is being filed (Filing Party) to sign and to file, on behalf of the Filing Party, the above-referenced document being filed electronically (Filed Document); (2) I have read and understand the Filed Document; (3) the information provided in the Filed Document is true, correct and complete; (4) the "/s/," followed by my name, on the signature lines for the Filing Party in the Filed Document serves as my signature on behalf of the Filing Party and denotes the making of such declarations, requests, statements, verifications and certifications by me and by the Filing Party to the same extent and effect as my actual signature on such signature lines; (5) I have actually signed a true and correct hard copy of the Filed Document in such places on behalf of the Filing Party and provided the executed hard copy of the Filed Document to the Filing Party's attorney; and (6) I, on behalf of the Filing Party, have authorized the Filing Party's attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California.

_____          7/1/08
Signature of Authorized Signatory of Filing Party          Date

David Gould
_____
Printed Name of Authorized Signatory of Filing Party

Dissolution Manager
_____
Title of Authorized Signatory of Filing Party

## PART II - DECLARATION OF ATTORNEY FOR FILING PARTY

I, the undersigned Attorney for the Filing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Filing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) an authorized signatory of the Filing Party signed the *Declaration of Authorized Signatory of Debtor or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature of the authorized signatory of the Filing Party in the locations that are indicated by "/s/," followed by the name of the Filing Party's authorized signatory, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Authorized Signatory of Debtor or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Authorized Signatory of Debtor or Other Party*, and the Filed Document available for review upon request of the Court or other parties.

/s/ Lewis R. Landau          7/1/08
_____          Date
Signature of Attorney for Filing Party

Lewis R. Landau
_____
Printed Name of Attorney for Filing Party

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

November 2006