1   **Lewis R. Landau** (CA Bar No. 143391)
    **Attorney-at-Law**
2   23564 Calabasas Road, Suite 104
    Calabasas, California 91302
3   Voice and Fax: (888) 822-4340
    Email: Lew@Landaunet.com
4
    Proposed Attorney for
5   Estate Financial Mortgage Fund, LLC

6

7                    **UNITED STATES BANKRUPTCY COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9                         **NORTHERN DIVISION**

10  In re                                Case No.: 9:08-11535 RR
11                                       Chapter 11
    Estate Financial Mortgage Fund, LLC,
12                                       **NOTICE OF MOTION AND MOTION FOR**
                                         **INTERIM ORDER APPROVING**
13                  Debtor.              **ASSUMPTION OF DISSOLUTION**
                                         **MANAGER EMPLOYMENT AGREEMENT**
14                                       **AND APPROVING APPOINTMENT OF**
                                         **DISSOLUTION MANAGER AND SETTING**
15                                       **FINAL HEARING THEREON;**
                                         **DECLARATION OF DAVID GOULD**
16
                                         **[APPLICATION TO SHORTEN TIME FOR**
17                                       **HEARING FILED CONCURRENTLY HEREWITH]**

18                                       Date:  To Be Set
                                         Time: To Be Set
19                                       Place: Courtroom 201

20

21          Estate Financial Mortgage Fund, LLC, chapter 11 debtor and debtor in possession

22  ("Debtor" or "Fund") herein moves for entry of the interim order attached hereto as Exhibit 1

23  ("Proposed Order') approving the assumption of an executory employment agreement between the

24  Debtor and David Gould ("Gould") and approving the appointment of Gould as the Debtor's

25  dissolution manager.  This motion is based upon the following memorandum of points and

26  authorities and is supported by the attached declaration of David Gould ("Gould Declaration"), the

27  concurrently filed declaration of Joshua Yaguda ("Yaguda Declaration") and concurrently filed

28  Request for Judicial Notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION[1]

Estate Financial Mortgage Fund, LLC ("Debtor" or the "Fund") is a California limited liability company formed for the purpose of making or investing in loans secured by deeds of trust on real property located primarily in California.  Estate Financial, Inc. ("EFI") is a California corporation and until July 1, 2008, EFI was the managing member of the Fund.  EFI is owned by Karen Guth ("Guth") and Joshua Yaguda ("Yaguda").  EFI is a California licensed corporate real estate broker by and through Yaguda as its designated officer-broker.

The Fund was formed on January 17, 2002 and began making or investing in mortgage loans on February 8, 2002.  The Fund operates pursuant to an Operating Agreement dated January 29, 2002 ("Operating Agreement").  A true and correct copy of the Fund Operating Agreement is attached to the Yaguda Declaration as Exhibit 1.  The Fund solicited investments through various Offering Circulars approved by the California Department of Corporations ("DOC").  The most recent such Offering Circular is attached to the Yaguda Declaration as Exhibit 2 thereto.

The maximum capitalization of the Fund was $175,000,000.  Over the course of its existence, the Fund primarily invested in construction loans for the purpose of constructing various types of residential and/or commercial properties, which construction loans are subject to construction loan agreements and secured by first deeds of trust encumbering such properties.  As of June 30, 2008, approximately 1,700 investors purchased membership interests in the Fund with approximately $170,000,000 in principal contributions to the Fund.  The Fund is no longer making loans.  The Fund now owns approximately 610 promissory notes, interests in deeds of trust and approximately 20 real estate owned ("REO") foreclosed or otherwise recovered properties.  The real estate portfolio consists of approximately 630 distinct real estate projects, substantially all of which are in fractional fee ownership.

---

[1]     The facts recited herein are set forth in the Estate Financial Mortgage Fund, LLC Offering Circular dated March 29, 2006 ("Offering Circular").  A true and correct copy of the Offering Circular is attached to the Yaguda Declaration as Exhibit 1 thereto.

1    From 2002 to early 2008, the Fund was licensed by the DOC to sell its securities to

2    investors at $1,000 per share.  On May 28, 2008, the DOC issued its Order Revoking the

3    Effectiveness of the Permit issued to the Fund ("DOC Revocation Order").  The DOC Revocation

4    Order is attached to the concurrently filed Request for Judicial Notice ("RFJN") as Exhibit 1

5    thereto.

6    On June 11, 2008, several substantial Fund investors and certain defaulted borrowers filed

7    an action in the San Luis Obispo County Superior Court entitled "Complaint for Specific

8    Performance, Accounting, Appointment of a Receiver, and Preliminary and Permanent Injunction"

9    ("Receivership Action").  A true and correct copy of the Complaint is attached as RFJN Exhibit 2.

10   On June 16, 2008 EFI stipulated to a restraining order in the Receivership Action in which EFI

11   agreed to refrain from causing the Fund to transfer any of its assets.  A true and correct copy of the

12   hearing transcript concerning such stipulated restraining order is attached as RFJN Exhibit 3 ("EFI

13   Restraining Order").

14   On June 25, 2008 an involuntary chapter 11 petition ("Involuntary Petition") was filed

15   against EFI by several alleged creditors.  The EFI involuntary chapter 11 case was assigned case

16   number 9:08-11457 RR.  The EFI involuntary chapter 11 case is presently pending before the

17   Court.

18   The DOC Revocation Order, the EFI Restraining Order and the EFI Involuntary Petition

19   resulted in the Fund being unable to carry on any business.  The Fund's cash is frozen.  The Fund

20   is now facing serious difficulty in its ability to secure title insurance policies on its REO properties

21   making such properties virtually unmarketable.  With the Fund unable to raise new investment

22   capital or close sales on its existing real estate inventory, the Fund has realized a liquidity crisis.

23   The inability of the Fund to carry on business constitutes an "event of dissolution" under

24   California Corporations Code § 17351(a)(1) and section 9.02 of the Operating Agreement.  Based

25   thereon, EFI took action to institute dissolution proceedings for the Fund.  On June 30, 2008 EFI

26   resolved to wind up and dissolve the Fund under the Operating Agreement and California law.

27   See, Exhibit 2 hereto.

28

1       Due to various disputes over management of EFI and the Fund by Guth and Yaguda, EFI

2 determined that it was in the best interests of EFI and the Fund to resign from management and

3 employ professional dissolution management to wind up the affairs of EFI and the Fund through

4 the chapter 11 process.  As such, the Fund employed David Gould ("Gould") as substitute

5 manager to manage the dissolution of the Fund in place of EFI.  Gould has accepted his

6 assignment as "Dissolution Manager" pursuant to a prepetition Employment Agreement a true and

7 correct copy of which is attached hereto as Exhibit 2.  Gould's statement of disinterestedness is

8 attached hereto as Exhibit 3.

9       Gould is highly qualified to act as Dissolution Manager for the Fund.  Gould's resume is

10 attached hereto as Exhibit 4.  As the Fund dissolution requires expertise in both real estate

11 construction and mortgage financing, Gould is uniquely qualified.  Gould was the chapter 11

12 trustee in In re Baldwin Builders (case number 9:95-13057 RR) and In re Baldwin Building

13 Contractors (case numbers 9:95-13058 RR) previously pending before this Court.  The Baldwin

14 cases involved thousands of residential home construction lots throughout Southern California and

15 were successfully reorganized through chapter 11.  The Baldwin cases also involved the quandary

16 of inaccessible title insurance similar to the issue herein.  By working closely with counsel for title

17 insurance companies, Gould was able re-establish access to title insurance and market the Baldwin

18 properties.

19       In addition, Gould is the duly appointed chapter 11 trustee in In re Quality Home Loans

20 (case number 1:07-13006 GM) presently pending before the Honorable Geraldine Mund.  Quality

21 Home Loans was a sub-prime mortgage lender with originations of over $650,000,000 in the year

22 prior to bankruptcy.  The Quality Home Loans case has many of the same characteristics as the

23 EFI and Fund cases, with the additional aspect of loan portfolio securitization.

24       Gould will manage the Debtor's dissolution under the terms of the Operating Agreement

25 and applicable law and insure that the Debtor fulfills all obligations imposed on it as a Debtor in

26 Possession under 11 U.S.C. § 1107(a).  In addition, Gould shall cause the Debtor to fulfill the

27 duties set forth in 11 U.S.C. § 1106(a)(3) and (4) and, among other duties, conduct an

28 investigation of the prepetition acts and conduct of the Debtor and file a report of his investigation

1  of such investigation including any fact ascertained pertaining to fraud, dishonesty, incompetence,

2  misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a

3  cause of action available to the estate.

4       The Gould Employment Agreement contains reasonable terms and conditions for Gould's

5  employment as Dissolution Manager. Gould's compensation is set as his ordinary compensation

6  when acting as a Court appointed trustee plus expense reimbursement. Gould's hourly rate is

7  $450 per hour. All compensation is subject to further Court order and is subject to review and

8  adjustment by the Court. Gould shall be retained as the Dissolution Manager until he resigns, is

9  terminated for cause or is terminated without cause by order of the Court.

10      Based on all the foregoing the Court should approve interim assumption of the Gould

11  employment agreement and approve Gould as Dissolution Manager.

12                                    **II.**

13  **INTERIM APPROVAL FOR ASSUMPTION OF THE GOULD EMPLOYMENT**

14  **AGREEMENT AND APPOINTMENT OF GOULD AS DISSOLUTION MANAGER**

15  **IS NECESSARY TO AVOID IMMEDIATE AND IRREPARABLE HARM**

16      As mentioned above, the Fund's accounts were frozen by the terms of the EFI Restraining

17  Order and the Fund has been unable to market or sell its real property interests due to the inability

18  to secure title insurance. In addition, the DOC Revocation Order as well as the overall collapse of

19  the real estate mortgage market has eliminated the Fund's sources of new investment capital.

20  Finally, the Receivership Action and the EFI Involuntary Petition confirmed that the Debtors were

21  in dire financial condition and that a race to multiple courthouses commenced.

22      EFI, as manager of the Fund, therefore triggered dissolution under California law and the

23  Operating Agreement based on an "event of dissolution" (California Corporations Code §

24  17531(a)(1); Operating Agreement § 9.02) and "a change in the character of the business of the

25  Fund" (Operating Agreement § 12.05(e)). EFI, on behalf of the Fund, resigned as manager and

26  concurrently resolved to employ Gould as a professional dissolution manager to efficiently

27  manage the process. EFI's resignation eliminated unnecessary litigation over control and

28  management by Guth and Yaguda, which litigation would serve no purpose other than to diminish

1  net recoveries to creditors and investors.  By resolving to employ professional dissolution

2  management and vesting the EFI and Fund cases in chapter 11 cases before this Court, the Debtors

3  took action in the best interests of the estates, creditors and investors.

4  While the EFI, Guth and Yaguda resignations eliminated unnecessary litigation issues over

5  control of the dissolution process, EFI's and Yaguda's resignation as Fund manager removed the

6  Fund's licensed officer-broker from Fund management.  This also eliminated the Fund's DRE

7  regulatory authority to operate because the Fund regularly engages in activities which require a

8  real estate broker's license under California Business & Professions Code ("B&PC") § 10131.

9  Since Gould is not a licensed real estate broker, Gould has requested DRE concurrence in

10  his managing the Fund in chapter 11 dissolution proceedings under B&PC § 10133(a)(4) which

11  provides an exception to the DRE broker license requirement for a "*person acting under order of*

12  *a court of competent jurisdiction*."  The DRE has acknowledged that entry of the order attached

13  hereto as Exhibit 1 fulfills the DRE regulatory requirement for Gould to be a "person acting under

14  order of a court of competent jurisdiction" and therefore Gould would remain exempt from broker

15  licensing requirements while acting as Dissolution Manager under the Court's order.

16  In limited liability company dissolution proceedings, the Court presiding over such

17  proceeding shall designate the managers who are to wind up the affairs of the LLC as follows:

18  17352.  In the event of a dissolution of a limited liability company:

19  **(b) Upon the petition of any manager or of any member or**
20  **members, or three or more creditors, a court of competent**
    **jurisdiction may enter a decree ordering the winding up of the**
21  **limited liability company if that appears necessary for the**
    **protection of any parties in interest.  *The decree shall designate***
22  ***the managers or members who are to wind up the limited liability***
    ***company's affairs.***
23

24  (c) Except as otherwise provided in the articles of organization or a
    written operating agreement, the managers or members winding up
25  the affairs of the limited liability company pursuant to this section
    shall be entitled to reasonable compensation.
26

27  Cal. Corps. Code § 17352 (in part; emphasis added).

28

1      Herein, the Gould Employment Agreement provides for the appointment of Gould as

2    Dissolution Manager to manage the Fund's dissolution.  By authorizing assumption of the Gould

3    Employment Agreement, the Court is recognizing Gould's appointment as Dissolution Manager

4    and setting the terms thereof.  In accordance with Corporations Code section 17352(b) the

5    assumption of the Gould Employment Agreement designates Gould as the manager to wind up the

6    company's affairs.  As such, assumption of the Gould Employment Agreement is consistent with

7    the needs of this case, the mandates of the Operating Agreement and requirements of California

8    law.[2]

9      Finally, the Debtor believes that interim approval of this Motion is appropriate under the

10    circumstances of this case.  First, recently amended Federal Rule of Bankruptcy Procedure

11    ("FRBP") 6003 prohibits entry of an order for the assumption of an executory contract during the

12    first 20 days of a chapter 11 case except to avoid immediate and irreparable harm to the estate.

13    Since the Fund's chapter 11 case was commenced on July 1, 2008, the Debtor is still within the 20

14    day period subject to FRBP 6003.  However, operational authority is required to avoid immediate

15    and irreparable harm to the Fund during this interim period.  The Fund has necessary expenses for

16    business operations and chapter 11 administration that must be paid, including non-insider payroll

17    expenses.  *See*, concurrently filed application for order shortening time for hearing.

18      The Fund and Gould also recognize that a full and fair opportunity to be heard on these

19    matters is the hallmark of responsible management.  While this emergency motion was served

20    upon the 20 largest unsecured creditors and other active constituencies, there is simply an

21    insufficient opportunity to serve this motion on the 1,700 investor members of the Fund or other

22    parties in interest.  Consequently, the Fund recommends interim approval of this Motion and the

23

---

24   [2]    A chapter 11 debtor's decision to assume or reject an executory contract is governed by the "business judgment test."  Agarwal v. Pomona Valley Medical Group, Inc. (In re Pomona Valley

25   Medical Group, Inc.), 476 F.3d 665 (9th Cir. 2007) (analyzes business judgment test for contract rejection), *see also*, In re Beare Co., 177 B.R. 879, 882 (Bankr. W.D. Tenn. 1994) (analyzes

26   contract assumption under reasonable business judgment test).  Under the business judgment test, the debtor is presumed to be acting prudently, on an informed basis, in good faith and in an honest

27   belief that its actions benefit the bankruptcy estate.  The business judgment test is met unless the court finds that the debtor's action is so manifestly unreasonable that it cannot be said to be based

28   on sound business judgment, but only on bad faith, or whim or caprice.  Id at 670.  The business judgment test is clearly met under the facts presented.

setting of a final hearing in approximately 60 days.  During this interim period, EFI will likely have an order for relief entered, EFI and the Fund will file all bankruptcy schedules and notice can and will be served on all parties in interest.  The interim period will also allow parties to become more organized within the chapter 11 cases and perhaps assemble into ad hoc or formal committees and secure counsel.

Based on all the foregoing, the Fund requests that the Court enter the order in the form attached hereto as Exhibit 1 approving interim assumption of the Gould Employment Agreement and designating Gould as Dissolution Manager until a final hearing on the matter to be scheduled in approximately 60 days.

## III.

## CONCLUSION

For all the reasons set forth herein, the Debtor respectfully requests that the Court approve assumption of the Gould employment agreement and approve appointment of Gould as Dissolution Manager and grant such other and further relief as the Court deems just and property under the circumstances.

Dated:  July 11, 2008

**Lewis R. Landau**
**Attorney at Law**

By:*/s/ Lewis R. Landau*
Lewis R. Landau
Attorney for Debtor

### DECLARATION OF DAVID GOULD

I, David Gould, do hereby declare:

1.      I am the proposed "Dissolution Manager" for Estate Financial Mortgage Fund, LLC ("Debtor").

2.      Attached to my declaration as Exhibit 2 is a true and correct copy of the voluntary petition I caused my counsel to file with the Bankruptcy Court on July 1, 2008, excluding the mailing list verification and including the signatures of Karen Guth filed as an addendum thereto on July 2, 2008.  Exhibit 2 contains a true and correct copy of the following: (1) Consent of the Members and Manager of Estate Financial Mortgage Fund, LLC; (2) Minutes of Action by Manager and Statement of Unanimous Consent of Estate Financial Mortgage Fund, LLC; and (3) Employment Agreement Dissolution Manager.

3.      Attached hereto as Exhibit 3 is a true and correct copy of my statement of disinterestedness.  Attached hereto as Exhibit 4 is a true and correct copy of my resume of qualifications.

4.      Since the time I commenced the Debtor's chapter 11 case, all cash in the estate has been sequestered in new Debtor in Possession bank accounts at City National Bank.  I will not use any cash in the estate or otherwise transact any estate business until the Court enters the order attached hereto as Exhibit 1.  It is my understanding that entry of the order attached hereto as Exhibit 1 provides me with an exemption from Department of Real Estate licensing requirements as a "person acting under order of a court of competent jurisdiction" to engage in activities that would otherwise require a DRE broker's license.  Thus, it is extremely urgent that the order attached hereto as Exhibit 1 is entered as soon as possible as the estate has urgent needs to expend operating funds and engage in business to maintain the value of its asset portfolio.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.  Executed this 11th day of July, 2008 at Los Angeles, California.

David Gould

# EXHIBIT 1

1  **Lewis R. Landau** (CA Bar No. 143391)
   **Attorney-at-Law**
2  23564 Calabasas Road, Suite 104
   Calabasas, California 91302
3  Voice and Fax: (888) 822-4340
   Email: Lew@Landaunet.com
4
   Proposed Attorney for
5  Estate Financial Mortgage Fund, LLC

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                          **NORTHERN DIVISION**

11

12  In re                                    Case No.: 9:08-11535 RR
                                             Chapter 11
13  Estate Financial Mortgage Fund, LLC,
                                             **INTERIM ORDER APPROVING**
14                                           **ASSUMPTION OF DISSOLUTION**
                                             **MANAGER EMPLOYMENT AGREEMENT**
15                       Debtor.             **AND APPROVING APPOINTMENT OF**
                                             **DISSOLUTION MANAGER**
16
                                             **[APPLICATION TO SHORTEN TIME FOR**
17                                           **HEARING FILED CONCURRENTLY HEREWITH]**

18                                           Date:  To Be Set
                                             Time: To Be Set
19                                           Place: Courtroom 201

20

21

22          On July 22, 2008, the Court held a hearing on the Motion (the "Motion") filed by Estate

23  Financial Mortgage Fund, LLC ("Fund") For Interim Orders Approving Assumption Of

24  Dissolution Manager Employment Agreement And Approving Appointment Of Dissolution

25  Manager [Docket ___].  At the same time, a similar motion was heard in the Estate Financial Inc.

26  case, Case No. 9:08-11457 RR ("EFI").  EFI and the Fund are collectively referred to as the

27  "Debtors."

28          All appearances were as noted in the record of the hearing.

                                             1

1    Based on the Motion, the arguments made by counsel at the hearing and the records in the

2   Debtors' cases, this Court hereby finds that: (a) notice of the Motion is adequate and appropriate

3   under the circumstances; (b) all of the Debtors have given their approval of the relief set forth in

4   this Order, both in their own cases and in the respective case of the other debtor; (c) all of the

5   investors have given their approval of the relief set forth in this Order, or any objection to such

6   relief has been duly considered by the Court and overruled, and (d) other good cause exists for the

7   relief requested in the Motion.

8        IT IS HEREBY ORDERED THAT:

9        1.    The Motion is hereby granted on an interim basis and all objections not

10  otherwise withdrawn are overruled.

11       2.    The appointment of David Gould ("Gould") as the new manager of the

12  Fund pursuant to Corporations Code Section 17352 for the purposes of winding up and dissolving

13  the business affairs of the Fund is hereby confirmed.

14       3.    The Gould prepetition Employment Agreement, a true and correct copy of

15  which is attached hereto as Exhibit 1, is hereby assumed effective as of July 1, 2008.

16       4.    Gould is hereby directed and authorized to immediately take all actions

17  reasonably necessary to accomplish the winding up and dissolution of the Fund, including

18  carrying out any activities that otherwise would require a real estate license pursuant to Business

19  and Professions Code Section § 10131 et seq., in accordance with the authority granted by this

20  Order and as set forth in Business and Professions Code Section § 10133(a)(4) and California

21  Corporations Code §§ 17351 and 17352.

22       5.    Absent further order of this Court, Gould as a result of and during the term

23  of this Order shall not be required to engage a licensed broker to continue any loan servicing

24  activities incidental to the winding up and dissolution of the Fund.

25       6.    Gould shall manage the Fund's dissolution under applicable law and ensure

26  that the Fund fulfills all obligations imposed on it as a debtor in possession under 11 U.S.C.

27  § 1107(a).  In addition, and as a condition of Gould's appointment, Gould shall cause the Fund to

28  fulfill the duties set forth in 11 U.S.C.§ 1106(a)(3) and (4) and, among other duties, conduct an

1    investigation of the prepetition acts and conduct of the Fund and file a report of his investigation,

2    including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct,

3    mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of

4    action available to the estate.  Such report may be prepared and/or filed in cooperation with EFI.

5    Gould agrees that any such report prepared and disclosed to the Court and/or investors shall also

6    be provided to the Department of Real Estate and the Department of Corporations.  Any such

7    report shall also be provided to any official Committee appointed in the case.

8          7.    Gould's compensation is set as his ordinary compensation when acting as a

9    Court appointed Chapter 11 trustee.  All compensation is subject to Court order and is subject to

10    review and allowance by the Court.  Gould shall be retained as the Dissolution Manager until he

11    resigns or is terminated by order of the Court.

12          8.    The position of managing member of the Fund will be deemed filled by

13    Gould, with the title Dissolution Manager, during the winding up and dissolution process.

14          9.    The resignations of Karen Guth and Joshua Yaguda as officers of EFI, and

15    EFI as the managing member of the Fund as of July 1, 2008 are confirmed and approved.

16          10.    Gould is authorized to take all actions necessary to implement this change

17    in management and is authorized to execute, deliver, file, or record such contracts, instruments,

18    releases, and other agreements or documents and to take such other actions as he may determine to

19    be necessary or appropriate to effectuate, implement, and further evidence the ordinary course of a

20    wind down and dissolution of business, and any or all such documents shall be accepted by each

21    of the respective local or state filing offices and recorded in accordance with applicable state law

22    and shall become effective in accordance with their terms and the provisions of state law.

23          11.    Absent further order of this Court, Gould shall not be required to engage a

24    licensed broker to continue any loan servicing activities incidental to the winding up and

25    dissolution of the Fund during the term of this Order.

26          12.    Except as set forth in this Order, all rights, claims, causes of action,

27    defenses, and counterclaims are expressly and specifically preserved to all parties in interest.

28

INTERIM ORDER APPROVING ASSUMPTION OF DISSOLUTION MANAGER EMPLOYMENT AGREEMENT
AND APPROVING APPOINTMENT OF DISSOLUTION MANAGER

1    13.  Neither the Debtors nor the estates is hereby deemed to waive, relinquish,

2 or abandon (nor shall they be estopped or otherwise precluded from asserting) any right, claim,

3 cause of action, defense, or counterclaim that constitutes property of such debtor's estate or is

4 assertable by such estate.

5    14.  The ten (10) day stay provided for in Federal Rules of Bankruptcy

6 Procedure 6004(h) is hereby waived.

7    15.  A final hearing is hereby set on the matter for _____.

8 The Debtor shall serve notice of this order and the final hearing upon all parties in interest to the

9 estate no later than 24 days prior to the final hearing date.

10

11 Date:        _____

12          Robin L. Riblet
          United States Bankruptcy Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTERIM ORDER APPROVING ASSUMPTION OF DISSOLUTION MANAGER EMPLOYMENT AGREEMENT
AND APPROVING APPOINTMENT OF DISSOLUTION MANAGER

# EXHIBIT 2

Form B1 (Official Form 1) - (Rev. 04/07)                                                                                          2007 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br><br>Estate Financial Mortgage Fund, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.<br>(if more than one, state all):   71-0865392 | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br><br>806 9th Street, Suite 1A<br>Paso Robles, CA<br><br>ZIP CODE  93446 | Street Address of Joint Debtor (No. & Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br> San Luis Obispo | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE | |

| Type of Debtor (Form of Organization)<br>(Check **one** box.) | Nature of Business<br>(Check **one** box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (if debtor is not one of the above entities, check this box and state type of entity below)<br><br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ other | ☐ Chapter 7   ☒ Chapter 11   ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 9   ☐ Chapter 12       of a Foreign Main Proceeding<br>                  ☐ Chapter 13   ☐ Chapter 15 Petition for Recognition<br>                                      of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check **one** box, if applicable)<br><br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.) | **Nature of Debts**<br>(Check one box.)<br><br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."    ☐ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors: |
|---|---|
| ☒ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101 (51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b) |

| **Statistical/Administrative Information** | **THIS SPACE FOR<br>COURT USE ONLY** |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

**Estimated Number of Creditors**

| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 to<br>$10,000 | $10,001 to<br>$100,000 | $100,001 to<br>$1 million | $1,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ |

**Estimated Liabilities**

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$1 million | $1,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ |

Form B1 (Official Form 1)  (Rev. 04/07)                                                            2007 USBC, Central District of California

## Voluntary Petition
*(This page must be completed and filed in every case.)*

Name of Debtor(s):  Estate Financial Mortgage Fund, LLC                **FORM B1**, Page 2

| Prior Bankruptcy Case Filed Within Last 8 Years (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:  Estate Financial, Inc. | Case Number: 9:08-11457 RR | Date Filed: 6/25/08 (invol) |
| District:  CD Cal. | Relationship:  Affiliate | Judge:  Riblet |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)               Date |

| Exhibit C | Exhibit D |
|---|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐  Yes, and Exhibit C is attached and made a part of this petition.<br><br>☒  No | (To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☐  Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☐  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

☐   Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

Form B1 (Official Form 1) (Rev. 04/07)                                        2007 USBC, Central District of California

| **Voluntary Petition** | Name of Debtor(s): | **FORM B1**, Page 3 |
|---|---|---|
| *(This page must be completed and filed in every case)* | Estate Financial Mortgage Fund, LLC | |

## Signatures

| | |
|---|---|
| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

   _____
   Telephone Number (If not represented by attorney)

   _____
   Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign main proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

❑   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

❑   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

   _____
   (Printed Name of Foreign Representative)

   _____
   Date

---

**Signature of Attorney**

X  */s/ Lewis R. Landau*
   Signature of Attorney for Debtor(s)

   Lewis R. Landau, Attorney at Law
   Printed Name of Attorney for Debtor(s)

   Firm Name
   23564 Calabasas Road, Suite 104
   Address
   Calabasas, CA 91302

   (818)225-1948
   Telephone Number

   7/1/08                    143391
   Date                      Bar Number

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

_____

X _____
                                   Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  */s/ David Gould*
   Signature of Authorized Individual

   David Gould
   Printed Name of Authorized Individual

   Dissolution Manager
   Title of Authorized Individual

   7/1/08
   Date

CONSENT OF THE MEMBERS AND MANAGER

OF

ESTATE FINANCIAL MORTGAGE FUND, LLC
A California Limited Liability Company

The undersigned, being all of the Members and the Manager of Estate Financial Mortgage Fund, LLC, a California limited liability company (the "Company"), and taking action as permitted by the Operating Agreement ("Operating Agreement") hereby consent to and approve the following resolutions:

> WHEREAS, the members of the Company have determined that it is in the best interests of the Company to wind up its affairs and voluntarily dissolve and liquidate on the terms and conditions to be determined by the Dissolution Manager; and

> WHEREAS, the Company currently has certain assets (the "Assets"); and

> WHEREAS, all directors and officers of the Company have unanimously determined that the Assets should be managed, liquidated and distributed in accordance with the business judgment of the Dissolution Manager.

> NOW, THEREFORE, IT IS HEREBY RESOLVED: That as approved by the Members and as provided by applicable provisions of the California Corporations Code, the management, liquidation and dissolution of the Company be effected under the Operating Agreement and applicable law. RESOLVED FURTHER, that the Company be wound up and dissolved.

> RESOLVED FURTHER, that the Manager of the Company is hereby authorized and directed to distribute the Assets in accordance with the Operating Agreement and applicable law.

> RESOLVED FURTHER: That the Agreement is hereby approved by the Members of the Company, the Dissolution Manager be authorized, empowered and directed to do any and all things which he may deem necessary or advisable to carry out the purposes and intention of the Operating Agreement and these resolutions.

Dated: June 29, 2008

MANAGER:                                              MEMBERS:

ESTATE FINANCIAL, INC.                    ESTATE FINANCIAL, INC., as Attorney-in-Fact
a California corporation                        For the Persons listed on Schedule A hereto


By:    Karen Guth                                  By:    Karen Guth
Its:    President                                       Its:    President

**Minutes of Action by Manager and Statement of Unanimous Consent of**

**Estate Financial Mortgage Fund, LLC**

The undersigned, constituting all of the officers and directors of Estate Financial, Inc. ("Manager") entitled to vote on the resolutions set forth below, acting in accordance with the Operating Agreement ("Operating Agreement") of Estate Financial Mortgage Fund, LLC ("Fund") and in accordance with California Corporations Code section 17350 *et seq*. and other applicable laws, hereby consent to the adoption of the following resolutions and actions, waive notice, and declare them to be in full force and effect upon acceptance by the Dissolution Manager as set forth herein.

WHEREAS, the Manager has determined that is not reasonably practicable to carry on the business of the Fund in conformity with the articles of organization or Operating Agreement in that there has been a material change in the character of the business of the Fund;

WHEREAS, it is in the best interests of the Fund that the Fund be voluntarily and completely wound up, liquidated and dissolved, under and pursuant to the laws of the State of California, that the appropriate officers of the Fund be, and each hereby is, authorized, empowered and directed to take such steps as are necessary to dissolve and liquidate the Fund, and that a plan for its voluntary and complete liquidation and dissolution shall be designed and adopted by the Dissolution Manager as appointed herein, whereby it will promptly proceed to wind up and settle its affairs, collect its assets, convey and dispose of its properties, pay, satisfy and discharge its liabilities and obligations, and do all other acts required to liquidate its business and affairs in accordance with the Operating Agreement and California law;

WHEREAS, it may be in the best interests of the Fund to commence and consummate dissolution proceedings in accordance with the Operating Agreement and applicable Federal and California law;

WHEREAS, the Manager has determined that it is in the best interests of Manager and the Fund to appoint a substitute Manager in place of Manager for purposes of effectuating such dissolution and winding up the affairs of the Fund;

THEREFORE IT IS RESOLVED, that Manager hereby appoints David Gould, a professional corporation, as substitute manager of the Fund ("Dissolution Manager") in accordance with sections 1.15, 9.02 and 12.05(e) of the Operating Agreement.  To the extent applicable, the Operating Agreement is hereby amended to effectuate such appointment of the Dissolution Manager;

RESOLVED FURTHER, that the Dissolution Manager shall have full power and authority to act as manager of the Fund and to take all actions necessary or appropriate to manage the Fund, wind up the Funds' affairs and/or commence and consummate the dissolution thereof in any court of competent jurisdiction, including but not limited to commencing a case under Title 11 of the United States Code and/or the preparation, execution, verification and filing of the Certificate of Election to Wind Up and Dissolve (CASOS Form);

RESOLVED FURTHER, that in the event of a bankruptcy filing under Title 11, the Dissolution Manager is authorized to execute and deliver all documents necessary to perfect the

filing of such voluntary bankruptcy case on behalf of the Fund, including, but not limited to, the voluntary petition and all schedules and exhibits attached thereto;

RESOLVED FURTHER, that in the event of a chapter 11 bankruptcy filing the Dissolution Manager is authorized to appear in all bankruptcy proceedings on behalf of the Fund, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Fund in connection with such bankruptcy case or otherwise;

RESOLVED FURTHER, that the Manager hereby ratifies and confirms the appointment of David Gould to the executive officer position of Dissolution Manager of the Fund, effective as of July 1, 2008 pursuant to that certain Employment Agreement attached hereto at Exhibit "A;"

RESOLVED FURTHER, that such individual shall serve in such position until the termination of his employment as manager of the Fund by order of any court with appropriate jurisdiction; and

RESOLVED FURTHER, that the officers and directors of the Fund or any of them, are hereby authorized and directed to take any and all actions and to execute any and all instruments and do any and all things deemed by them to be necessary or desirable to carry out the intent and purposes of the foregoing resolutions.

This action may be executed in counterparts, by facsimile and shall be effective for all purposes upon acceptance thereof by all the officers and directors of Manager and acceptance thereof the Dissolution Manager.

This Resolution is executed this 30th day of June 2008.

MANAGER:

ESTATE FINANCIAL, INC.
a California corporation


By:    Karen Guth
Its:    President



Accepted:


Dated:  June 30, 2008            **DISSOLUTION MANAGER**




_____
David Gould, a professional corporation
By:    David Gould

filing of such voluntary bankruptcy case on behalf of the Fund, including, but not limited to, the voluntary petition and all schedules and exhibits attached thereto;

RESOLVED FURTHER, that in the event of a chapter 11 bankruptcy filing the Dissolution Manager is authorized to appear in all bankruptcy proceedings on behalf of the Fund, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Fund in connection with such bankruptcy case or otherwise;

RESOLVED FURTHER, that the Manager hereby ratifies and confirms the appointment of David Gould to the executive officer position of Dissolution Manager of the Fund, effective as of July 1, 2008 pursuant to that certain Employment Agreement attached hereto at Exhibit "A;"

RESOLVED FURTHER, that such individual shall serve in such position until the termination of his employment as manager of the Fund by order of any court with appropriate jurisdiction; and

RESOLVED FURTHER, that the officers and directors of the Fund or any of them, are hereby authorized and directed to take any and all actions and to execute any and all instruments and do any and all things deemed by them to be necessary or desirable to carry out the intent and purposes of the foregoing resolutions.

This action may be executed in counterparts, by facsimile and shall be effective for all purposes upon acceptance thereof by all the officers and directors of Manager and acceptance thereof the Dissolution Manager.

This Resolution is executed this 30th day of June 2008.

MANAGER:

ESTATE FINANCIAL, INC.
a California corporation

By:    Karen Guth
Its:    President


Accepted:


Dated:  June 30, 2008              **DISSOLUTION MANAGER**


                                   David Gould, a professional corporation
                                   By:    David Gould

**EXHIBIT A**

EMPLOYMENT AGREEMENT

DISSOLUTION MANAGER

This Agreement is entered into by and between the ESTATE FINANCIAL MORTGAGE FUND, LLC, a California limited liability corporation, hereinafter referred to as "Company", and David Gould, a professional corporation, hereinafter referred to as "Employee."

RECITALS

A.        The Company desires to secure the professional services of a Dissolution Manager for Estate Financial Mortgage Fund, LLC.

B.        The Employee, through its principal David Gould, desires to provide professional services to the Company under the terms of this Agreement.

NOW THEREFORE, in consideration of the mutual covenants and benefits expressed herein, the Company and Employee agree as follows:

    1.    **EMPLOYMENT**.  The Company hereby agrees to employ Employee, and Employee hereby accepts such employment, on the terms and conditions set forth herein.

        (a)    **Term**.  This Agreement will commence on the Effective Date (as defined below) and will continue until terminated pursuant to Section 5 hereof (the "Term").

        (b)    **Position and Duties**.  Employee shall be employed in the position of an executive officer with the title of Dissolution Manager.  Employee shall have complete control over all operational, administrative and financial needs of the Company. The services to be rendered by the Dissolution Manager shall include all services customarily rendered by persons engaged in the same capacity or in a similar capacity in the Company's industry and financial condition, and such other services as may be reasonably requested by the Company from time to time.  Employee shall abide by the Company's rules, regulations and operating policies, practices and procedures in effect during the Term, as the same may be modified or amended by the Company or the Court from time to time.  Employee shall report to no one, but shall be responsive to the orders of the United States Bankruptcy Court for the Central District of California (the "Court").

        (c)    **Non-Exclusive Services**.  During the Term, Employee will devote his best efforts to Company and shall dedicate such time and attention to the Company's affairs as required by the circumstances at hand, although nothing herein shall require that he utilize the Company premises.  Employee will be permitted to engage in outside employment or business (whether for compensation or otherwise) without the prior written consent of the Court or any person so long as such activities do not materially interfere with his obligations to the Company under this Agreement and do not relate to

the business of the Company or conflict with any Company positions material to its business; provided however, Employee recognizes and acknowledges that the position of Dissolution Manager may require his full time and exclusive services for a number of months.  Employee shall not directly or indirectly acquire, hold or retain any material interest in any business competing, directly or indirectly, with the business of Company, except for investments in mutual and other similar funds or investments of 1% or less of the equity of a publicly traded company.

2.    **SALARY AND BONUS**.

(a)    **Base Salary**.  The Company shall pay Employee as compensation for his services hereunder compensation commensurate with his ordinary compensation when acting as a court appointed trustee, which amount shall be paid in accordance with Court orders.  Any compensation paid by the Company shall be subject to the review and adjustment by the Court.

(b)    **Bonus**.  Employee shall be eligible to request that the Court award a bonus based on his success in reaching financial milestones that are exceptional or deserving of such a bonus, in the Court's sole discretion.

3.    **BENEFITS**.

(a)    **Benefit Plans**.  Employee shall be eligible to participate in the employee benefit plans currently and hereafter maintained by the Company or by its prior manager of general applicability to other executive-level employees of the Company, specifically including group health coverage and other similar insurance or benefit plans or programs, to the extent that Employee satisfies the eligibility requirements under the general provisions thereof.

(b)    **Expenses**.  The Company will pay or reimburse Employee for reasonable travel and other expenses incurred by Employee in the furtherance of or in connection with the performance of Employee's duties hereunder in accordance with the Company's established policies and procedures with respect thereto (which policies and procedures shall include, at minimum, prompt submission of receipts and other supporting documentation reasonably requested by the Company).  Notwithstanding the foregoing, Employee shall be entitled to travel business class on all business-related flights with scheduled air time exceeding ninety (90) minutes, and the Company shall pay or reimburse such expenses in accordance with this Section 3(b).  All travel expenses shall be subject to review and allowance by the Court.

(c)    **Living Expenses**.  The Company will pay or reimburse Employee for reasonable living expenses incurred by Employee in Paso Robles in the furtherance of or in connection with the performance of Employee's duties hereunder during the initial months of employment when his presence is required at the Company on a daily basis.  Thereafter, the Company will pay or reimburse Employee for reasonable hotel expenses incurred by Employee in Paso Robles in the furtherance of or in connection with the performance of Employee's duties hereunder.

(d)    **Automobile**.  The Company will pay or reimburse Employee for reasonable automobile expenses incurred by Employee either in Paso Robles or in commuting to and from Paso Robles or any location where business of the Company must be conducted in the furtherance of or in connection with the performance of Employee's duties hereunder.

(e)    **Tax Identification**.  Employee shall provide the Company with its tax identification number.

4.    **EMPLOYEE'S DUTIES.**

(a)    **Liquidation Role**.   Employee's duties hereunder shall be to dissolve the Company as set forth in the Operating Agreement ("Agreement") that was made and effective as of January 29, 2002, by and among Estate Financial, Inc., a California corporation, and such persons as were admitted as members pursuant to the terms of such Agreement ("Members").  He shall be diligent in fiscal conservation and utilization of administrative resources and assets, and, in doing so, shall engage in or supervise all necessary administrative details, and do all other administrative things and operational functions required to liquidate the assets of the Company as promptly as is consistent with recovering the fair market value thereof, either by sale to third parties or by servicing the Company's outstanding loans in accordance with their terms; provided, however, the Dissolution Manager shall liquidate all Company assets for the best price reasonably obtainable in order to completely wind up the Company's affairs within five (5) years after the date of dissolution unless such time is otherwise extended by the Court.

(b)    **Cooperation**.  The Dissolution Manager shall work directly with Estate Financial, Inc., in determining prompt, efficient and protective measures for engaging in the liquidation and dissolution activities as necessary.

(c)    **Control Over Employees, Payroll and Financial Accounts**.  In accordance with all Court orders, the Dissolution Manager shall coordinate and supervise the duties of all administrative staff, employ all necessary staff and maintain all payroll, and have sole and complete control over all financial accounts, including administrative, operating, subscription, loan servicing trust accounts, construction fund control accounts and escrow accounts.  Subject to any Court orders, it is the intent of the parties that the Dissolution Manager shall have complete control over all assets, financial decisions, operations and all day-to-day business decisions.

(d)    **Retention of Professionals**.  Subject to any order of the Court, the Employee shall have all necessary powers to manage and carry out the purposes, business and affairs of the Company, including but not limited to all authority set forth in the Operating Agreement and all authority to retain such advisors and professionals, execute all instruments and documents and do all other things necessary or appropriate in the judgment of the Dissolution Manager to effectuate any of the foregoing duties.

5.    **TERMINATION.**

(a)    **Termination by Employee Prior to Expiration of Term**.    If
Employee terminates his employment with the Company prior to the expiration of the
Term as set forth herein, then the Court may appoint a substitute Dissolution Manager.

(b)    **Termination for Cause**.    The Company may terminate
Employee's employment under this Agreement only upon issuance of a Court order
finding Cause (as defined below).  If Employee's employment is terminated for Cause,
Employee shall be entitled to receive (i) his accrued but unpaid Base Salary and accrued
but unused vacation time through the date of termination, (ii) reimbursement pursuant to
Section 3(b), (c) and (d) for any expenses or charges incurred through the date of
termination and (iii) payment of any bonus amounts earned pursuant to Section 2(b).  In
the event of any such termination, Employee's rights under the Company's benefit plans
of general application shall be determined under the provisions of those plans.

(c)    **Termination Without Cause**.    Neither the Company nor the
Members may terminate Employee's employment under this Agreement without Cause
and an appropriate Court order.

(d)    **Definitions**.    For purposes of this Agreement, "cause" means
(1) misappropriation of the Company's funds or unlawful appropriation of the
Company's property, assets or other rights, or embezzlement from or with respect to the
Company or any of its clients, (2) fraud or deliberate injury or attempted injury by
Employee in connection with the business of the Company, including the commission of
any act that causes material harm to the employees, agents or customers of the Company
or that materially impairs the Company's relationship with such employees, agents or
customers, (3) conviction of Employee for or the entering of a plea of *nolo contendere*
with respect to any felony or other crime that the Board reasonably believes has had or
will have a materially detrimental effect on Employer's reputation or business, (4) any
material breach of Employee's obligations to Company under any other agreement with
the Company, or any material unauthorized disclosure of any confidential information of
the Company, (5) the failure, refusal or gross neglect by Employee to substantially
perform any or all of his obligations to the Company, (6) repeated behavior that is illegal,
including substance abuse or habitual intoxication, and that impairs Employee's job
performance, or (7) Employee's death or permanent and total disability (as such term is
defined in Section 22(e)(3) of the Internal Revenue Code of 1986, as amended).

6.    **REPRESENTATION    AND    WARRANTIES;    COVENANTS**.
Employee represents and warrants to Company that:    (i) Employee is under no
contractual or other restriction or obligation that is materially inconsistent with the
execution of this Agreement, the performance of his duties hereunder or the rights of
Company hereunder, including, without limitation, any development agreement, non-
competition agreement or confidentiality agreement previously entered into by
Employee, (ii) Employee has disclosed to the Company in writing all known conflicts of
interest and potential conflicts of interest created as a result of Employee's employment
by the Company pursuant to the terms hereof, (iii) Employee is under no physical, mental

or other disability that would substantially hinder or prevent the performance of his duties under this Agreement and (iv) Employee will comply with all applicable laws and regulations in the performance of his duties and responsibilities hereunder.  In addition, Employee covenants and agrees, during the Term hereof, to at all times refrain from any self-dealing transactions and to avoid any actual or potential conflicts of interest, and to promptly apprise the Court of any fact or circumstance that could reasonably be construed to violate the foregoing provisions.

7.    **NON-DISCLOSURE AND CONFIDENTIAL INFORMATION**.  In recognition of the special nature of his employment under this Agreement, including his special access to confidential information, and in consideration of his employment pursuant to this Agreement, Employee agrees to the covenants and restrictions set forth in this Section 7.

(a)    **Confidential Information**.    As used in this Agreement, "Confidential Information" means all information of a business or technical nature that relates to the Company, including, without limitation, such as proprietary information, technical data, trade secrets, or know-how, including, but not limited to, research, product plans, products, services, customer lists and customers, markets, software, developments, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances, plans or drafts thereof, strategies or thoughts or discussions regarding possible actions in the pending bankruptcy cases, or other business or financial information.  Notwithstanding the preceding sentence, the term "Confidential Information" does not include information that is or becomes publicly available through no fault of Employee, or information that was rightfully in Employee's possession or known by him prior to receipt from the Company.

(b)    **Non-Disclosure**.  Employee acknowledges that the Confidential Information constitutes a protectible business interest of the Company, and covenants and agrees that during his employment, whether under this Agreement or otherwise, and after the termination of such employment, he will not, directly or indirectly, disclose, furnish, make available or utilize any of the Confidential Information, other than in the proper performance of his duties for the Company.

(c)    **Return of Confidential Information**.  Employee acknowledges that all records, documents and tangible embodiments containing Confidential Information prepared by Employee or coming into his possession by virtue of his employment by the Company are and will remain the property of the Company.  Upon termination of his employment with the Company, Employee shall immediately return to the Company all such items in his possession and all copies of such items excepting only his personal copies of (i) records relating to his compensation, (ii) any materials previously distributed generally to members of the Company, and (iii) this Agreement.

(d)    **Compliance with Court Orders**.  Employee and the Company acknowledge and agree that the Confidential Information shall be protected as set forth herein, excepting only (i) to the extent ordered otherwise by the Court or (ii) as required by the Bankruptcy Code.

8.    **INDEMNIFICATION**.    The Employee shall not have any liability whatsoever to the Company or to any Member for any loss suffered by the Company or any Member which arises out of any action or inaction of the Dissolution Manager or any of its shareholders, officers, directors, employees or agents, so long as (a) the Dissolution Manager or such other person, in good faith, determined that such course of conduct was in the best interests of the Company, and (b) the Court has not entered an order making findings of fraud, bad faith or willful misconduct.  The Employee and its shareholders, officers, directors, employees and agents shall be entitled to be indemnified and held harmless by the Company, at the expense of the Company, against any loss, expense, claim or liability (including reasonable attorneys' fees, which shall be paid as incurred) resulting from the assertion of any claim or legal proceeding relating to the performance or nonperformance of any act concerning the activities of the Company, including claims or legal proceedings brought by a third party or by Members, on their own behalf or as a Company derivative suit, so long as the party to be indemnified determined in good faith that such course was in the best interests of the Company and did not constitute fraud, bad faith or willful misconduct; provided, that any such indemnity shall be paid solely from the assets of the Company.  Nothing herein shall prohibit the Company from paying in whole or in part the premiums or other charge for any type of indemnity insurance in which the Dissolution Manager or other agents or employees of the Dissolution Manager or the Company are indemnified or insured against liability or loss arising out of their actual or asserted misfeasance or nonfeasance in the performance of their duties or out of any actual or asserted wrongful act against, or by, the Company including, but not limited to, judgments, fines, settlements and expenses incurred in the defense of actions, appeals and appeals therefrom.

11.    **INSURANCE**.    At the cost of the Company, the Employee shall be entitled to obtain and effect necessary insurance for the proper protection of the Company or the Employee in any obtainable form of E&O or D&O insurance.

12.    **VENUE**.    The United States Bankruptcy Court for the Central District of California shall be the sole venue for the resolution of any disputes arising herein.

13.    **MISCELLANEOUS**.

(a)    **Modification**.  This Agreement sets forth the entire understanding and agreement of the parties with respect to the subject matter hereof, supersedes all existing agreements, arrangements or understandings, whether oral or written, between them concerning such subject matter, and may be modified only by a written instrument duly executed by each party.

(b)    **Assignment**.  This Agreement and all rights hereunder are personal to Employee and may not be assigned by Employee, nor may any of Employee's duties hereunder be delegated at any time.  Company may assign its rights, together with its obligations hereunder, to any parent, subsidiary, affiliate or successor, or in connection with any sale, transfer or other disposition of all or substantially all of its business and assets, provided, however, that any such assignee assumes Company's obligations

hereunder.  Subject to the foregoing, this Agreement shall inure to the benefit of, and be binding upon, the parties and their respective successors and permitted assigns.

(c)    **Governing Law**.  This Agreement shall be governed by and construed in accordance with the laws of the State of California without regard to principles of conflicts of law.

(d)    **Survival**.    The covenants, agreements, representations and warranties contained in or made pursuant to Sections 6 and 7 hereof by Employee shall survive the termination of this Agreement and Employee's employment with Company.

(e)    **Third Party Beneficiaries**.  This Agreement does not create, and shall not be construed as creating, any rights enforceable by any person or entity not a party to this Agreement, except for David Gould in his individual capacity.

(f)    **Waiver**.  The failure of either party hereto at any time to enforce performance by the other party of any provision of this Agreement shall in no way affect such party's rights thereafter to enforce the same, nor shall the waiver by either party of any breach of any provision hereof be deemed to be a waiver by such party of any other breach of the same or any other provision hereof.

(g)    **Section Headings**.  The headings of the several sections in this Agreement are inserted solely for the convenience of the parties and are not a part of and are not intended to govern, limit or aid in the construction of any term or provision hereof.

(h)    **Notices**.    All notices and other communications required or permitted under this Agreement shall be in writing and shall be deemed effectively given (i) upon personal delivery, (ii) on the third day following deposit in the United States Post Office, by registered or certified mail with postage and fees prepaid, or (iii) on the next day following deposit with a nationally recognized courier service (such as Federal Express) for overnight delivery, addressed to the other party hereto at such party's address hereinafter shown below such party's signature or at such other address as such party may designate by 10 days advance written notice to the other party hereto.

(i)    **Severability**.    All sections, clauses thereof and covenants contained in this Agreement are severable, and in the event any of them shall be held to be invalid by any court, this Agreement shall be interpreted as if such invalid sections, clauses or covenants were not contained herein.

(j)    **Counterparts**.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement.

(k)    **Attorneys' Fees and Costs**.  In the event of litigation regarding this Agreement brought by any interested party, the prevailing party shall be entitled to reasonable attorneys' fees and costs for all actions in defense, including at trial and on appeal.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year written below, and it shall become effective upon execution by both parties (the Effective Date").

Dated:          June 30, 2008

      **COMPANY:**          **ESTATE FINANCIAL MORTGAGE FUND, LLC**

                By:ESTATE FINANCIAL, INC., its Managing Member

                By:
                Name:          Karen Guth
                Title:          President

                Address:          806 9th Street, Suite 1A
                                Paso Robles, California  93446

Dated: June 30, 2008

      **EMPLOYEE:**

                **DAVID GOULD, a professional corporation**

                Address:          David Gould
                                23801 Calabasas Road, Suite 2032
                                Calabasas, California  91302

                **DAVID GOULD, individually**

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year written below, and it shall become effective upon execution by both parties (the Effective Date").

Dated:        June 30, 2008

**COMPANY:**        **ESTATE FINANCIAL MORTGAGE FUND, LLC**

By: ESTATE FINANCIAL, INC., its Managing Member

By: _____
Name:        Karen Guth
Title:        President

Address:        806 9th Street, Suite 1A
                Paso Robles, California  93446

Dated: June 30, 2008

**EMPLOYEE:**

**DAVID GOULD, a professional corporation**

Address:        David Gould
                23801 Calabasas Road, Suite 2032
                Calabasas, California  91302

**DAVID GOULD, individually**

**<u>Estate Financial Mortgage Fund, LLC,</u>**

**<u>a California limited liability company</u>**

**<u>CORPORATE RESOLUTION OF THE MANAGING MEMBER</u>**

The undersigned, being the sole Managing Member of ESTATE FINANCIAL MORTGAGE FUND, LLC, a California limited liability company (the "Company") and holding the title Dissolution Manager ("Dissolution Manager"), hereby consents in writing to the following resolutions, pursuant to California Corporations Code section 17350 *et seq*., as amended:

WHEREAS, the Dissolution Manager is empowered to make all decisions affecting the business of the Company and deems it advisable and in the best interest of the Company to file a Voluntary Petition pursuant to Chapter 11 of Title 11, United States Code, for the reorganization and subsequent structured liquidation of the Company in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court");

WHEREAS, the Dissolution Manager is authorized under the Operating Agreement to execute any and all papers and/or documents on behalf of the Company for the purpose of effectuating the foregoing Voluntary Petition under Chapter 11, which papers and/or documents may include but not necessarily be limited to: (i) Voluntary Petition; (ii) List of Twenty Largest Unsecured Creditors; (iii) List of Creditors; (iv) Matrix Mailing List; and (v) any and all other papers and/or documents that the Dissolution Manager may deem necessary or advisable for the purpose of effectuating the foregoing Voluntary Petition and the reorganization of the Company; and

WHEREAS, the Dissolution Manager wishes to retain Lewis R. Landau ("Landau") to be general bankruptcy and reorganization counsel for the Company.

NOW, THEREFORE, BE IT RESOLVED, that the Dissolution Manager does hereby approve of the filing of a Voluntary Petition in the Bankruptcy Court on behalf of the Company;

FURTHER RESOLVED, that Dissolution Manager is hereby authorized and directed to execute any and all papers and/or documents to effectuate the filing of a Chapter 11 case, including, but not limited to, the Voluntary Petition and the other above referenced papers and/or documents for purposes of effectuating a voluntary Chapter 11 filing and the reorganization of the Company.

FURTHER RESOLVED, that the Dissolution Manager does hereby approve and directs that Landau be retained as the Company's general bankruptcy and restructuring counsel, each on the terms set forth in its respective engagement letter.

DATED: June 30, 2008.

DISSOLUTION MANAGER

Estate Financial Mortgage Fund, LLC., a California corporation

By:    _____
       David Gould, a professional corporation
       By:    David Gould

# EXHIBIT 3

## DECLARATION OF DAVID GOULD

I, David Gould, do hereby declare:

1.      I am an attorney licensed to practice in the State of California and before the United States District Court for the Central District of California.  I am the principal of David Gould, a professional corporation, and if called as a witness, I could and would testify competently thereto.

2.      I have been nominated as the Dissolution Manager of Estate Financial Mortgage Fund, LLC ("Debtor") and commenced Case No. 9:08-11535 RR as a dissolution proceeding for the Debtor.

3.      I first met Karen Guth ("Guth") and Joshua Yaguda ("Yaguda") on May 12, 2008. I was invited by attorney Katherine Windler to meet Guth and Yaguda to investigate offering my services as dissolution manager for the Debtor in a potential chapter 11 case.  Ms. Windler is familiar with my experience for such engagements due to her representation of an institutional creditor in the Quality Home Loans case in which I am the duly appointed and acting chapter 11 trustee.

4.      On May 12, 2008 I met with Guth and Yaguda for approximately 2 hours and discussed my experience and the needs of the matter.  No agreements, promises, assurances or other arrangements were made at that or any time other than as set forth herein.  No confidential information was exchanged.  After the meeting on May 12, 2008, I recommended that Guth and Yaguda hire Omni Management to prepare the Debtor for potential insolvency proceedings. Other than the foregoing, I did not have any further contact with Guth and Yaguda until July 28, 2008 when I was contacted and asked to undertake the Dissolution Manager engagement culminating in the Employment Agreement attached hereto as Exhibit 2.  Again, no agreements, promises, assurances or other arrangements were made at that or any time with Guth or Yaguda except as contained in Exhibit 2.

5.      To the best of my knowledge, I have no pre-petition or other claim against Debtor.

6.      To the best of my knowledge, I have no connection with any insider of Debtor.

7.     To the best of my knowledge, I have never represented the Debtor or any related debtor in a bankruptcy case in this or any other court.  I do not now represent a related Debtor, and do not intend to represent a related Debtor.

8.     I have no connection with Debtor, its creditors, any other party in interest, or their respective attorneys or accountants, and represent no interest in this estate, adverse or otherwise, except that I am the nominated Dissolution Manager, other than ordinary dealings with such other attorneys and accountants that are regularly engaged in the insolvency practice.

9.     All of the foregoing facts are within my own personal knowledge, and if called upon to testify, I could, and would testify competently thereto.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed this 11th day of July, 2008 at Calabasas, California.

DAVID GOULD

# EXHIBIT 4

C.V. of David Gould

David Gould is the principal of David Gould, a Professional Corporation, which maintains its office at 23801 Calabasas Road, Suite 2032, Calabasas, California 91302.

B.A. University of California, Los Angeles, 1962
LL.B. University of California, Berkeley (Boalt Hall) 1965

Member, State Bar of California, the American, Los Angeles County, and Federal Bar Associations; Los Angeles Bankruptcy Forum, California Bankruptcy Forum and the Financial Lawyers Conference;  Past President (1993-94) of the Los Angeles Bankruptcy Forum; Past President (1982-83) of the Financial Lawyers Conference; Past President of the California Bankruptcy Forum (2001-2002); Lawyer Delegate to the Ninth Circuit Judicial Conference (1990-1993); Member, Personal and Small Business Bankruptcy Specialization Commission, Board of Legal Specialization, State Bar of California (1992-1995)

Admitted to practice California; United States District Courts for the Central, Southern, Northern and Eastern District of California; United States Court of Appeals for the Ninth Circuit and the United States Supreme Court

Adjunct Associate Professor of Law, Southwestern University School of Law, Los Angeles (1978-1980); Adjunct Professor of Law, Pepperdine University School of Law, Malibu (1983-1984)

Co-Author Local Bankruptcy Practices Manual (PESI 1991) with Bankruptcy Judge Lisa Hill Fenning

Member, panel of mediators appointed by the United States Bankruptcy Courts for the Central District of California and the District of Delaware; Attorney Settlement Officer for the United States District Court for the Central District of California

Fellow, American College of Bankruptcy