1   JOSEPH A. EISENBERG P.C. (SBN 52346)
    DAVID M. POITRAS P.C. (SBN 141309)
2   THOMAS M. GEHER (SBN 130588)
    JEFFER, MANGELS, BUTLER & MARMARO LLP
3   1900 Avenue of the Stars, Seventh Floor
    Los Angeles, California  90067-4308
4   Telephone:    (310) 203-8080
    Facsimile:    (310) 203-0567
5   Email:    jeisenberg@jmbm.com
              dpoitras@jmbm.com
6             tgeher@jmbm.com

7   Proposed Counsel for Bradley D. Sharp,
    Chapter 11 Trustee

8

9

10                  **UNITED STATES BANKRUPTCY COURT**

11                  **CENTRAL DISTRICT OF CALIFORNIA**

12                      **NORTHERN DIVISION**

13

14   In re                                Case No.  9:08-bk-11535-RR

15   ESTATE FINANCIAL MORTGAGE FUND, LLC,   Chapter 11
     a California limited liability company,

16                                         **APPLICATION OF BRADLEY D. SHARP,
                                           CHAPTER 11 TRUSTEE, FOR ORDER**
              Debtor.                      **AUTHORIZING THE EMPLOYMENT OF**
17                                         **JEFFER, MANGELS, BUTLER & MARMARO LLP
                                           AS GENERAL REORGANIZATION COUNSEL**
18                                         **FOR CHAPTER 11 TRUSTEE**

19

20                                         [No Hearing Required]

21

22

23

24         Bradley D. Sharp, Chapter 11 Trustee for the bankruptcy estate of Estate Financial

25   Mortgage Fund, LLC ("Trustee"), respectfully submits this Application to Employ Jeffer, Mangels,

26   Butler & Marmaro LLP ("JMBM") as General Reorganization Counsel (the "Application") and seeks

27   Court approval to employ JMBM on the terms and conditions described below:

28

**BACKGROUND**

1.     On July 1, 2008 ("Petition Date"), Estate Financial Mortgage Fund, LLC, debtor herein ("Debtor"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Presently, Debtor has not filed its Schedules of Assets and Liabilities ("Schedules") or Statement of Financial Affairs ("SOFA") and, pursuant to an Order of this Court, such Schedules and SOFA must be filed by August 15, 2008.

2.     On July 18, 2008, the Bankruptcy Court (the "Court") entered that *Order Approving Temporary Appointment of Dissolution Manager* whereby David Gould ("Gould") was appointed, as of June 30, 2008 through the date of the appointment and qualification of a chapter 11 trustee, as the new manager of Debtor for the purposes of winding up and dissolving the business affairs of Debtor.

3.     On July 23, 2008, the Court entered that *Order Directing the Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)(2)* whereby the Court ordered the Office of the United States Trustee ("OUST") to appoint a chapter 11 trustee for Debtor's bankruptcy estate.

4.     On July 25, 2008, the Court entered an Order approving OUST's appointment of Bradley D. Sharp as the chapter 11 trustee for Debtor's estate.

5.     No official committee of creditors holding unsecured claims has been appointed herein.

6.     Debtor was, but is no longer, in the business of making and/or investing in loans secured by deeds of trust against real property located primarily in California.   From Debtor's formation in 2002, Debtor invested approximately $170,000,000, primarily in loans for the purpose of constructing various types of residential and commercial properties, which loans are secured by a first priority position deed of trust.

7.     Debtor owns and holds approximately 610 promissory notes secured by deeds of trust and approximately thirty one (31) parcels of real property which have been obtained through foreclosure or otherwise.

PRINTED ON
RECYCLED PAPER

4506327v1

1    8.    Subject to Court approval of the terms and conditions set forth in this Application,

2    JMBM has agreed to act as general reorganization counsel to the Trustee, effective as of July 28,

3    2008.

4

5    **SCOPE OF EMPLOYMENT**

6    9.    The Trustee requires general reorganization counsel in order to render the following

7    illustrative types of professional service:

8    a.    To advise the Trustee regarding his rights and responsibilities as a chapter 11

9    trustee, specifically including the requirements of the United States Bankruptcy Code, the Federal

10    Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the Guides for Chapter 11 Debtors

11    ("UST Guides"), and how the application of such provisions relate to the administration of Debtor's

12    estate;

13    b.    To advise and to assist the Trustee in connection with the preparation of certain

14    documents to be filed with the Court and/or the OUST, including, without limitation, Schedules,

15    SOFA, Statement of Equity Security Holders, Seven Day Package, Monthly Operating Reports, and

16    other such documents;

17    c.    To represent the Trustee with respect to bankruptcy issues in the context of

18    Debtor's pending chapter 11 case, and any adversary proceedings, including the commencement

19    of any avoidance actions, the outcome of which would affect the administration of the chapter 11

20    case;

21    d.    To advise and protect the Trustee concerning Debtor's estate's rights, investments

22    and interests in various loans and deeds of trust and to take action to protect Debtor's estate's

23    economic interests in such assets; and

24    e.    To advise, assist and represent the Trustee in the negotiation, formulation and

25    confirmation of a plan of reorganization.

26

27

28

1

### QUALIFICATIONS OF JMBM

2          10.    JMBM is composed of attorneys who specialize in the practice of insolvency,

3    reorganization, and bankruptcy law, as well as corporate, real estate, litigation, intellectual

4    property, tax and labor law.  JMBM believes it is well qualified to represent the Trustee, and is

5    known throughout the State of California and across the country.  All attorneys comprising or

6    associated with JMBM's bankruptcy department who will render services in this case are duly

7    admitted to practice law in the Courts of the State of California and in the United States District

8    Court for the Central District of California.  A summary of the experience and qualifications of

9    JMBM attorneys who make up the bankruptcy department is attached as Exhibit A to the

10   supporting Declaration of Joseph A. Eisenberg ("Eisenberg Decl.") appended hereto.

11         11.    All attorneys who comprise JMBM's bankruptcy department are familiar with the

12   Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the

13   UST Guides and shall comply with them.  JMBM understands the provisions of Title 11 U.S.C.

14   sections 327, 328, 329 and 330 and Rule 2016 of the Federal Rules of Bankruptcy Procedure,

15   which require, among other things, Court approval of employment of professionals and Court

16   authorization of any fees and costs that JMBM will receive from the Trustee and Debtor's estate,

17   after notice and hearing, as required under Rule 2002 of the Federal Rules of Bankruptcy

18   Procedure.

19         12.    The Trustee wishes to employ JMBM as his general reorganization counsel on an

20   hourly rate basis.  JMBM's fees are computed and billed on a time-expended basis in accordance

21   with the hourly rates assigned to each professional or paraprofessional.  The hourly rates of the

22   members of JMBM's bankruptcy department are set forth in Exhibit B to the Eisenberg Decl.

23         13.    Certain services may be rendered by other JMBM professionals in other specialty

24   groups, whose hourly rates may be different from the rates of the bankruptcy professionals, but

25   whose rates do not exceed the rates of the bankruptcy group.  All JMBM rates are subject to

26   periodic adjustment generally on January 1 of each year and the applicable rates are those in

27   effect at the time the services are rendered.

28

PRINTED ON
RECYCLED PAPER

4506327v1

1    14.    JMBM did not receive any payments from either the Trustee or Debtor within the

2  one-year period prior to the Petition Date.  JMBM has not received any retainer from the Trustee

3  or Debtor's estate.

4    15.    The Trustee and JMBM request a payment procedure that provides for monthly

5  payments, in the discretion of the Trustee as and when unencumbered funds become available, to

6  JMBM pursuant to a "Knudsen Order."   *In re Knudsen*, 84 B.R. 668 (Bankr. 9th Cir.

7  1988)("Knudsen").  As set forth in *Knudsen*, the Court can approve monthly payments from a

8  debtor's unencumbered cash based upon the following factors - (a) the case is unusually large; (b)

9  an extended waiting period for payment would place an undue hardship on counsel; (c) counsel

10  can respond to any reassessment; and (d) the payment pursuant to the *Knudsen* procedure is

11  subject to notice with an opportunity for a hearing.

12    16.    The facts herein warrant the Court approving a monthly payment procedure.  This

13  is a large case and involves complex matters related to the origination of mortgage loans, the

14  enforcement of Debtor's estate's rights under such mortgage loans, potential alleged rights of

15  financial participants under § 555 of the Bankruptcy Code, potential claims against Debtor's former

16  manager, the valuation of the Debtor's various asset backed securities/loans, and the negotiation

17  and preparation of a chapter 11 plan.  The extended waiting period of four months between fee

18  applications will place an undue hardship on JMBM in this case.  JMBM has the resources to

19  respond to any reassessment of fees or expenses ordered by the Court.  As of the date of this

20  Application, Debtor's estate has approximately $144,000 in unencumbered cash plus rights to

21  monthly payments from the performance of the various mortgage loans funded by Debtor, a

22  portion of which can be used to pay its professionals on a current basis.

23    17.    The Trustee proposes the following monthly payment procedures.  JMBM will file

24  monthly fee statements with the Court generally in accordance with the "Guide to Applications for

25  Employment of Professionals and Treatment of Retainers."  Such fee statements will be served

26  upon the Debtor, the Trustee, the 20 largest unsecured creditors, all known secured creditors and

27  parties requesting special notice.  If no objection to such professional fee statement is filed and

28  served within ten days of the service of such fee statement, the Trustee, in his discretion as and

PRINTED ON
RECYCLED PAPER

4506327v1

1  when unencumbered funds available, will be allowed to pay JMBM 80% of the fees billed and

2  100% of the costs billed.  If a timely objection is interposed to any fee statement, no payment will

3  be made on account of the objected-to portion of the fee statement until further order of the

4  Court, upon and after a hearing to be set by JMBM, with at least five calendar days notice to the

5  objecting party.

6        18.     In addition to the fee statements, not more frequently than every 120 days, JMBM

7  will file a full and complete fee application with the Court, on notice to creditors and interested

8  parties, seeking formal allowance of its fees and costs.

9        19.     JMBM has agreed to accept as compensation for its services such additional sums as

10  may be allowed by this Court, based upon time spent and services rendered, results achieved,

11  difficulties encountered, and other appropriate factors.

12

13  **JMBM IS DISINTERESTED**

14        20.     To the best of the Trustee's knowledge, and as set forth in the Eisenberg Decl., the

15  Trustee believes that JMBM is a "disinterested person" within the meaning of section 101(14) of

16  the Bankruptcy Code.  As set forth in the Eisenberg Decl., JMBM does not represent any interest

17  adverse to Debtor, its creditors or the estate which would prohibit JMBM from serving as the

18  Trustee's general reorganization counsel pursuant to 11 U.S.C. sections 327, *et seq.*

19        21.     JMBM does not have any prepetition claims against Debtor or Debtor's estate.

20  JMBM has not received, and has no present plans to receive, any lien or other interest in property

21  of Debtor or of a third party to secure payment of JMBM's fees.

22        Based upon the foregoing, the Trustee believes that the employment of JMBM as his

23  general reorganization counsel is in the best interest of Debtor's estate and parties in interest.

24  ///

25  ///

26  ///

27  ///

28  ///

1      WHEREFORE, the Trustee respectfully requests authorization to employ JEFFER,

2  MANGELS, BUTLER & MARMARO LLP as his general reorganization counsel on the terms and

3  conditions set forth in this Application, with compensation to be at the expense of the estate in

4  such amount as the Court may hereafter allow, effective as of July 28, 2008.

5

6  Dated: July 29, 2008                    By: _____

7                                               BRADLEY D. SHARP, Chapter 11 Trustee for
                                            the bankruptcy estate of Estate Financial
8                                               Mortgage Fund, LLC

9

10  Presented by:

11  JEFFER, MANGELS, BUTLER & MARMARO LLP

12

13  By: _____
                 THOMAS M. GEHER
14               Proposed Attorneys for Bradley D. Sharp,
                 Chapter 11 Trustee
15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

4506327v1

## DECLARATION OF JOSEPH A. EISENBERG

I, JOSEPH A. EISENBERG, do hereby declare as follows:

1.      I am an attorney admitted to practice law in the State of California and before the United States District Court for the Central District of California.  I am the principal of a professional corporation which is a partner in Jeffer, Mangels, Butler & Marmaro LLP ("JMBM"). The matters set forth herein are made of my own personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      This declaration is made in support of the foregoing application of JMBM to be employed as general reorganization counsel to Bradley D. Sharp, Chapter 11 Trustee of the bankruptcy estate of Estate Financial Mortgage Fund, LLC (the "Trustee"), and is in accordance with Rule 2016 of the Federal Rules of Bankruptcy Procedure.

3.      JMBM maintains its primary office for the practice of law at 1900 Avenue of the Stars, Seventh Floor, Los Angeles, California 90067, telephone number (310) 203-8080, fax number (310) 203-0567; the firm also has offices located in San Francisco and Orange County. JMBM is composed of over 150 attorneys who specialize in the practice of, among other things, reorganization and bankruptcy law, as well as corporate, litigation, intellectual property, real estate, tax and labor law.  JMBM believes that its attorneys have a very good reputation in the legal community and with the courts of this district.  All attorneys comprising or employed by JMBM who will appear in cases in which the Trustee or Estate Financial Mortgage Fund, LLC (the "Debtor") may be a party are duly admitted to practice law in the courts of the respective jurisdictions where they are required to render such services.  A summary of the experience and qualifications of JMBM attorneys expected to render services to the Trustee is attached hereto as Exhibit A (the "Firm Resume").  A listing of JMBM's current hourly rates for the professionals list on Exhibit "A," which are subject to periodic adjustment, are set forth on Exhibit B hereto.  The rate to be charged to the Trustee is the rate in effect at the time the service is rendered.

4.      As a member of JMBM's Bankruptcy Department, I will have primary responsibility for the representation of the Trustee, and will coordinate with other members of JMBM, as necessary, to provide the Trustee with representation in other areas of law. If counsel other than

1    JMBM is required to adequately represent the Trustee, appropriate application will be made to the

2    Court in connection therewith.

3         5.     All members of JMBM's Bankruptcy Department are familiar with the Bankruptcy

4    Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and the Chapter 11

5    Guides and Notices ("<u>UST Guides</u>") promulgated by the Office of the United States Trustee

6    ("<u>OUST</u>"), and intend to comply with the foregoing in all respects.

7         6.     On July 1, 2008 ("<u>Petition Date</u>"), Debtor filed a voluntary petition for relief under

8    Chapter 11 of the Bankruptcy Code.  Presently, Debtor has not filed its Schedules of Assets and

9    Liabilities ("<u>Schedules</u>") or Statement of Financial Affairs ("<u>SOFA</u>") and, pursuant to an Order of

10   this Court, such Schedules and SOFA must be filed by August 15, 2008.

11        7.     On July 18, 2008, the Court entered that *Order Approving Temporary Appointment*

12   *of Dissolution Manager* whereby David Gould ("<u>Gould</u>") was appointed, as of June 30, 2008

13   through the date of the appointment and qualification of a chapter 11 trustee, as the new

14   manager of Debtor for the purposes of winding up and dissolving the business affairs of Debtor.

15        8.     On July 23, 2008, the Court entered that *Order Directing the Appointment of*

16   *Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)(2)* whereby the Court ordered the Office of

17   the United States Trustee ("<u>OUST</u>") to appoint a chapter 11 trustee for Debtor's bankruptcy estate.

18        9.     On July 25, 2008, the Court entered an Order approving OUST's appointment of

19   Bradley D. Sharp as the chapter 11 trustee for Debtor's estate.

20        10.     No official committee of creditors holding unsecured claims has been appointed

21   herein.

22        11.     JMBM did not receive any payments from either the Trustee or Debtor within the

23   one-year period prior to the Petition Date.  JMBM has not received any retainer from the Trustee

24   or Debtor's estate.

25        12.     The Trustee and JMBM seek a "Knudsen Order" in this case.  This is a large case

26   and involves complex matters related to the origination of mortgage loans, the enforcement of

27   Debtor's estate's rights under such mortgage loans, potential alleged rights of financial participants

28   under § 555 of the Bankruptcy Code, potential claims against Debtor's former manager, the

1    valuation of the Debtor's various asset backed securities/loans, and the negotiation and

2    preparation of a chapter 11 plan.   The extended waiting period of four months between fee

3    applications will place an undue hardship on JMBM in these cases.   JMBM has the resources to

4    respond to any reassessment of fees or expenses ordered by the Court.   As of the date of this

5    Application, Debtor's estate has approximately $144,000 in unencumbered cash plus rights to

6    monthly payments from the performance of the various mortgage loans funded by Debtor, a

7    portion of which can be used to pay its professionals on a current basis.

8        13.    JMBM is agreeable to the following monthly payment procedures.   JMBM will file

9    monthly fee statements with the Court generally in accordance with the "Guide to Applications for

10   Employment of Professionals and Treatment of Retainers."   Such fee statements will be served

11   upon the Debtor, the Trustee, the 20 largest unsecured creditors, all known secured creditors and

12   parties requesting special notice.   If no objection to such professional fee statement is filed and

13   served within ten days of the service of such fee statement, the Trustee, in his discretion as and

14   when unencumbered funds become available, will be allowed to pay JMBM 80% of the fees billed

15   and 100% of the costs billed.   If a timely objection is interposed to any fee statement, no payment

16   will be made on account of the objected-to portion of the fee statement until further order of the

17   Court, upon and after a hearing to be set by JMBM, with at least five calendar days notice to the

18   objecting party.

19       14.    JMBM will comply with the procedures set forth in the UST's "Guide to Applications

20   for Professional Compensation."   JMBM has agreed to accept as compensation for its services such

21   sums as may be allowed by this Court, based upon time spent and services rendered, results

22   achieved, difficulties encountered, and other appropriate factors.

23       15.    All fees paid by Debtor's estate or requested by JMBM will be subject to application

24   to and approval by this Bankruptcy Court, after appropriate notice to creditors in accordance with

25   11 U.S.C. §§ 328, 330, and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the

26   Local Bankruptcy Rules and the UST Guides.

27       16.    JMBM does not have any prepetition claim against Debtor or Debtor's estate.   JMBM

28   has not received, and has no present plans to receive, any lien or other interest in property of

PRINTED ON
RECYCLED PAPER

4506327v1

1 ‖ Debtor or a third party to secure payment of JMBM's fees.

2 ‖     17.     JMBM is not a creditor or an equity security holder or an insider of the Trustee,

3 ‖ Debtor or Debtor's estate.

4 ‖     18.     JMBM is not and was not, within two years before the date of the filing of the

5 ‖ petition herein, a director, officer, member or employee of the Trustee, Debtor or Debtor's estate.

6 ‖     19.     JMBM is a multi-office law firm with clients throughout the United States and the

7 ‖ world. It is possible that JMBM represents creditors or parties in interest in matters wholly

8 ‖ unrelated to Debtor's bankruptcy case. To the best of my knowledge, and except as set forth

9 ‖ below, JMBM does not and has not represented any entities in any matters directly related to

10 ‖ Debtor or Debtor's estate. Should a potential conflict of interest arise in the future, JMBM

11 ‖ understands that its employment may be subject to termination, modification or limitation in

12 ‖ scope. In the event any actual conflict arises, JMBM will promptly inform the Court and the OUST

13 ‖ and, if necessary or required, will obtain appropriate waivers.

14 ‖     20.     After due investigation and inquiry, I have determined that as of the date of

15 ‖ execution of this declaration, JMBM is composed of "disinterested persons" within the meaning of

16 ‖ Section 101(14) of the Bankruptcy Code, who have no adverse representation to Debtor or

17 ‖ Debtor's estate that might give rise to a conflict of interest and that JMBM has no interest

18 ‖ materially adverse to the interests of Debtor's estate, or of any class of creditors or equity security

19 ‖ holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor,

20 ‖ or for any other reason. However, as a matter of disclosure, in 2006, John Hosack, a real estate

21 ‖ attorney who formerly, but no longer works for JMBM,[1] was retained as an expert witness by

22 ‖ former litigation counsel to Estate Financial, Inc. ("EFI"), concerning and in relation to an American

23 ‖ Arbitration Association arbitration proceeding commenced by EFI against a title company

24 ‖ concerning a boundary line dispute. Mr. Hosack did not testify in that arbitration proceeding and

25 ‖ did not ever meet or have communications with any principals of EFI and Mr. Hosack did not

26 ‖ obtain any confidential information concerning or relating to EFI. Furthermore, to the best of my

27

---

[1] Mr. Hosack left JMBM in 2007.

28

PRINTED ON
RECYCLED PAPER

4506327v1

1  knowledge, information and belief, none of the professionals comprising or employed by JMBM is

2  related to any judge of the United States Bankruptcy Court of this District, the U.S. Trustee or any

3  person employed in the Office of the U.S. Trustee.

4        21.     JMBM has not shared or agreed to share compensation for its representation of the

5  Trustee with any other person, except as among its members.

6

7        I declare under penalty of perjury of the laws of the United States of America that the

8  foregoing is true and correct.

9        Executed on July 30th, 2008, at Los Angeles, California.

10

11

12                                        JOSEPH A. EISENBERG

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

# JEFFER, MANGELS, BUTLER & MARMARO LLP

## Bankruptcy Department

*Partners:*

***JOSEPH A. EISENBERG P.C.*** ("JAE") born Garmisch, Germany, September 2, 1946; admitted to bar, 1972, California, U.S. District Court, Central District of California and U.S. Court of Appeals, Ninth Circuit. Education: University of California at Berkeley (B.A., 1968); Boalt Hall School of Law, University of California (J.D., 1972). Member: Los Angeles County and American Bar Associations; The State Bar of California; Financial Lawyers Conference; Board of Directors of Los Angeles Bankruptcy Forum; Judicial Appointments Committee of the Los Angeles County Bar Association. Guest Lecturer: The Rutter Group, Los Angeles County Bar Association, 1983, "Getting Results in Bankruptcy, Chapters 11 and 13"; Rutter Group in connection with Orange County and Los Angeles County Bar Associations, 1984, "Straight Bankruptcy"; Rutter Group in conjunction with the Los Angeles County Bar Association, 1985, "Bankruptcy: Pre-Petition Planning and Exemptions"; Professional Education Systems, 1983, "California Collection Law and Bankruptcy"; University of Southern California Computer Law Institute, 1985, "The Insolvency Laws and the Computer Industry"; U.C.L.A. Extension, 1985, "The Music Industry and Bankruptcy"; Financial Lawyers Conference, Las Vegas, Nevada, 1984, "Recent Developments in Executory Contracts"; University of Southern California Real Estate Tax and Accounting Conference, November, 1992, "Asset Protection Strategies, 1992"; Annual Speaker at PESI Seminar 1993 - 1998, "Ninth Circuit Bankruptcy Symposium."; "Survival Tactics in the Courtroom of Bankruptcy Judge March: The New Mandatory Relief From Stay Forms; Avoiding Disgorgement of Fees; and Other Intellectual Property", Los Angeles Bankruptcy Forum, Los Angeles, California, June, 1998; "Ethical Issues Representing Insolvent Businesses Outside of Bankruptcy: Nightmare, Folly or What?", Financial Lawyers Conference, Los Angeles, California 1999; 1999 AICPA National Restaurants and Bars Conference, June 14, 1999.

***JOHN A. GRAHAM*** ("JAG") University of San Diego, J.D., 1976; Pennsylvania State University, B.A., 1972. Judge Pro Tem, Los Angeles Superior Court, 1993-1995; Judge Pro Tem, Los Angeles Municipal Court, 1989-1992; Member of the Board of Directors of the Los Angeles Bankruptcy Forum (1994-1996); Member of Financial Lawyers Conference; Member of Orange County Bankruptcy Forum; Member of American Bankruptcy Institute; Pepperdine University School of Law – Institute of Dispute Resolution graduate; Court Appointed Mediator, United States Bankruptcy Court Mediation Program. Practice emphasizes representation of financial institutions in commercial finance matters, including lending transactions, major workouts and Chapter 11 reorganizations involving income-producing properties such as hotels, office towers and apartment complexes; Commercial Law, Uniform Commercial Code, including Article 9 secured transactions and problem-solving in commercial/secured transactions; Real Estate secured transactions, including problem-solving in one-action rule, security-first rule, anti-deficiency statutes, and mixed-collateral foreclosures; Complex federal and state court litigation relating to commercial law, lender liability claims, fraudulent business schemes, and fraudulent conveyances. Represented Union Bank in appeal US Supreme Court in *Union Bank v. Wolas*, 502 U.S. 151 (1991), which resulted in a unanimous decision in favor of petitioner Union Bank; Represented clients in many national Chapter 11 reorganizations, including such cases as *Alamo Rent a Car, Storage Technology Corporation, NuCorp Energy, Maxicare,* and *Leisure Technology.* Retained by Visa and Mastercard to represent credit card industry on an issue of national significance regarding bankruptcy fraud standards. *Household Credit Services, Inc. v. Christopher W. Ettell; Marla Ettell,* 188 F.3rd 1141 (9th Cir. 1999). Represented the American Bankers Association, California Bankers Association, and the California League of Savings Institutions in their amicus brief to the US Supreme Court in *Timbers of Inwood Forest,* 484 U.S.

EXHIBIT A-13

5079040v1

365 (1988).    Represented Official Committee of Unsecured Creditors in the *Parker North American* case which resulted in a favorable Ninth Circuit opinion protecting attorney-client privilege between creditors committees and counsel (*Marcus v. Parker*, 978 F.2d 1159 (1992).

**STEVEN M. SPECTOR** ("SMS") University of California at Los Angeles (A.B. 1968). Loyola University of Los Angeles (J.D. 1971). Member, California State Bar, 1972. Admitted to practice before the United States District Courts for the Northern, Eastern, Southern and Central Districts of California and the Ninth Circuit Court of Appeals. Member of the State Bar of California, Los Angeles County Bar Association, the Beverly Hills Bar Association, the Century City Bar Association, the Financial Lawyers Conference, the California Bankruptcy Forum, the Association of Business Trial Lawyers. Lecturer, California Continuing Education of the Bar. Lecturer, University of California at Los Angeles. Practice Emphasis: representation of debtors and creditors in reorganization proceedings; representation of banks and financial institutions in bankruptcy, state court and transactional matters.

**DAVID M. POITRAS** ("DMP") Suffolk University, Boston, MA (B.A. 1985). Loyola Law School (J.D. 1988). Member, Massachusetts Bar Association, State Bar of California, Los Angeles County Bar, Beverly Hills Bar Association, Century City Bar Association, American Bar Association, Financial Lawyers Conference, Los Angeles and Orange County Bankruptcy Forums, American Bankruptcy Institute, Turnaround Management Association and Insol International. Practice Emphasis:    all areas of bankruptcy (debtors, creditors, creditor/bondholder/equity committees, asset acquirers and trustees), receiverships and out-of-court workouts, with a particular emphasis in representing debtors and creditors in complex chapter 11 business reorganizations and out-of-court workouts.

**THOMAS M. GEHER** ("TMG"). University of Denver (B.A., 1984). Pepperdine University School of Law (J.D., 1987); American Jurisprudence Award, Commercial Law, 1987. Member, California State Bar Association; United States District Court for the Central, Eastern, and Southern Districts of California; United States Court of Appeals for the Ninth Circuit; Los Angeles County Bar Association.    Practice emphasizes business and bankruptcy litigation, insolvency and creditors rights.

*Paralegal:*

**WILMA ESCALANTE ("WEI")** Paralegal with more than 20 years of legal experience primarily in bankruptcy and commercial litigation; previously a bankruptcy and litigation paralegal at Peitzman, Weg & Kempinsky LLP and Frandzel & Share. Southern Illinois University (B.A. 1976); paralegal training at El Camino College.

EXHIBIT A-14

5079040v1

# EXHIBIT "B"

## JEFFER, MANGELS, BUTLER & MARMARO LLP

Hourly Rates

| Attorneys: | As of January 1, 2008 |
|---|---|
| Joseph A. Eisenberg | $750.00 |
| Steven M. Spector | $650.00 |
| John A. Graham | $595.00 |
| David M. Poitras | $565.00 |
| Thomas M. Geher | $495.00 |

| Paralegals: | |
|---|---|
| Wilma Escalante | $180.00 |
| Juanita Treshinsky | $200.00 |

EXHIBIT B-15

# EXHIBIT "C"

1   JOSEPH A. EISENBERG P.C. (SBN 52346)
    DAVID M. POITRAS P.C. (SBN 141309)
2   THOMAS M. GEHER (SBN 130588)
    JEFFER, MANGELS, BUTLER & MARMARO LLP
3   1900 Avenue of the Stars, Seventh Floor
    Los Angeles, California 90067-4308
4   Telephone:    (310) 203-8080
    Facsimile:    (310) 203-0567
5   Email:    jeisenberg@jmbm.com
              dpoitras@jmbm.com
6             tgeher@jmbm.com

7   Proposed Counsel for Bradley D. Sharp,
    Chapter 11 Trustee
8

9

10              **UNITED STATES BANKRUPTCY COURT**

11               **CENTRAL DISTRICT OF CALIFORNIA**

12                     **NORTHERN DIVISION**

13

14   In re                                    Case No. 9:08-bk-11535-RR

15   ESTATE FINANCIAL MORTGAGE FUND, LLC,     Chapter 11
     a California limited liability company,
16                                            **NOTICE OF APPLICATION OF BRADLEY D.**
                     Debtor.                  **SHARP, CHAPTER 11 TRUSTEE, FOR ORDER**
17                                            **AUTHORIZING THE EMPLOYMENT OF**
                                              **JEFFER, MANGELS, BUTLER & MARMARO LLP**
18                                            **AS GENERAL REORGANIZATION COUNSEL**
                                              **FOR CHAPTER 11 TRUSTEE**
19

20
                                              [No Hearing Required]
21

22

23

24

25       **TO DEBTOR, DEBTOR'S TWENTY LARGEST UNSECURED CREDITORS,**

26   **THE OFFICE OF THE UNITED STATES TRUSTEE AND PARTIES REQUESTING**

27   **SPECIAL NOTICE:**

28

                                              EXHIBIT C-16

1   **PLEASE TAKE NOTICE** that BRADLEY D. SHARP, CHAPTER 11 TRUSTEE of the

2   bankruptcy estate of Estate Financial Mortgage Fund, LLC ("Trustee"), has filed with the

3   Bankruptcy Court an application seeking authority to (i) employ JEFFER, MANGELS, BUTLER &

4   MARMARO LLP ("JMBM") as general reorganization counsel and (ii) pay on a monthly basis,

5   pursuant to a "Knudsen Order" as and when unencumbered funds become available, the

6   monthly fees and costs billed by JMBM to the Trustee (the "Application").  The pertinent facts

7   and representations concerning the Application are:

8       1.      The Trustee seeks to employ JMBM as general reorganization counsel at the

9   expense of the bankruptcy estate for the purpose of, among other things, representing and

10  advising the Trustee with respect to the Trustee's and the bankruptcy estate's rights and

11  responsibilities within the context of the Bankruptcy Code.

12      2.      On July 1, 2008 ("Petition Date"), Debtor filed a voluntary petition for relief

13  under Chapter 11 of the Bankruptcy Code.  Presently, Debtor has not filed its Schedules of

14  Assets and Liabilities ("Schedules") or Statement of Financial Affairs ("SOFA") and, pursuant to

15  an Order of this Court, such Schedules and SOFA must be filed by August 15, 2008.

16      3.      On July 18, 2008, the Bankruptcy Court (the "Court") entered that *Order*

17  *Approving Temporary Appointment of Dissolution Manager* whereby David Gould ("Gould") was

18  appointed, as of June 30, 2008 through the date of the appointment and qualification of a

19  chapter 11 trustee, as the new manager of Debtor for the purposes of winding up and

20  dissolving the business affairs of Debtor.

21      4.      On July 23, 2008, the Court entered that *Order Directing the Appointment of*

22  *Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)(2)* whereby the Court ordered the Office of

23  the United States Trustee ("OUST") to appoint a chapter 11 trustee for Debtor's bankruptcy

24  estate.

25      5.      On July 25, 2008, the Court entered an Order approving OUST's appointment of

26  Bradley D. Sharp as the chapter 11 trustee for Debtor's estate.

27      6.      No official committee of creditors holding unsecured claims has been appointed

28  herein.

2

EXHIBIT C-17

7.    Debtor was, but is no longer, in the business of making and/or investing in loans secured by deeds of trust against real property located primarily in California. From Debtor's formation in 2002, Debtor invested approximately $170,000,000, primarily in loans for the purpose of constructing various types of residential and commercial properties, which loans are secured by a first priority position deed of trust.

8.    Debtor owns and holds approximately 610 promissory notes secured by deeds of trust and approximately thirty one (31) parcels of real property which have been obtained through foreclosure or otherwise.

9.    By the Application, the Trustee and JMBM request a payment procedure that provides for monthly payments, in the discretion of the Trustee as and when unencumbered funds become available, to JMBM pursuant to a "Knudsen Order." *In re Knudsen*, 84 B.R. 668 (Bankr. 9th Cir. 1988)("Knudsen").

10.    The facts herein warrant the Court approving a monthly payment procedure. This is a large case and involves complex matters related to the origination of mortgage loans, the enforcement of Debtor's estate's rights under such mortgage loans, potential alleged rights of financial participants under § 555 of the Bankruptcy Code, potential claims against Debtor's former manager, the valuation of the Debtor's various asset backed securities/loans, and the negotiation and preparation of a chapter 11 plan. The extended waiting period of four months between fee applications will place an undue hardship on JMBM in this case. JMBM has the resources to respond to any reassessment of fees or expenses ordered by the Court. As of the date of this Application, Debtor's estate has approximately $144,000 in unencumbered cash plus rights to monthly payments from the performance of the various mortgage loans funded by Debtor, a portion of which can be used to pay its professionals on a current basis.

11.    By the Application, the Trustee proposes the following monthly payment procedures. JMBM will file monthly fee statements with the Court generally in accordance with the "Guide to Applications for Employment of Professionals and Treatment of Retainers." Such fee statements will be served upon the Debtor, the Trustee, the 20 largest unsecured creditors,

3

EXHIBIT C-18

all known secured creditors and parties requesting special notice. If no objection to such professional fee statement is filed and served within ten days of the service of such fee statement, the Trustee, in his discretion as and when unencumbered funds become available, will be allowed to pay JMBM 80% of the fees billed and 100% of the costs billed. If a timely objection is interposed to any fee statement, no payment will be made on account of the objected-to portion of the fee statement until further order of the Court, upon and after a hearing to be set by JMBM, with at least five calendar days notice to the objecting party.

12.    JMBM is not a prepetition creditor of the Trustee or Debtor.

13.    The Trustee wishes to employ JMBM as general bankruptcy counsel on an hourly rate basis. JMBM's fees are computed and billed on a time-expended basis in accordance with the hourly rates assigned to each professional or paraprofessional. Presently, the hourly rates of the professionals and paraprofessionals at JMBM range from $200 to $750.

14.    Notwithstanding any monthly payments to JMBM, all fees and costs of JMBM are subject to Court approval and award based upon the submission of fee applications by JMBM and noticed hearings thereon.

**PLEASE TAKE FURTHER NOTICE** that any request for a copy of the Application must be in writing and sent to: JEFFER, MANGELS, BUTLER & MARMARO LLP, 1900 Avenue of the Stars, Seventh Floor, Los Angeles, California 90067, Attention: Thomas M. Geher.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 2014-1(b)(3)(D), any written response and request for a hearing regarding the Application, in the form required by Local Bankruptcy Rule 9013-1(a)(7), must be filed with the Clerk of the Bankruptcy Court and served on proposed counsel for the Trustee, whose name and address appears at the top, left-hand corner of the first page of this Notice, and the Office of the United States Trustee **no later than fifteen (15) days from the service of this Notice.**

EXHIBIT C-19

4

1    **PLEASE TAKE FURTHER NOTICE** that failure to file and serve an objection to

2    the Application within this fifteen (15) day period may be deemed by the Court to be consent to

3    the relief requested therein.

4

5    Dated: July 30, 2008                    JEFFER, MANGELS, BUTLER & MARMARO, LLP

6

7                                            By:_____

8                                               THOMAS M. GEHER,
                                                Proposed Attorneys for Bradley D. Sharp,
9                                               Chapter 11 Trustee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            EXHIBIT C-20

                                5

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES**

     I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067.

     On July 31, 2008 I served the document(s) described as **NOTICE OF APPLICATION OF BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, FOR ORDER AUTHORIZING THE EMPLOYMENT OF JEFFER, MANGELS, BUTLER & MARMARO LLP AS GENERAL REORGANIZATION COUNSEL FOR CHAPTER 11 TRUSTEE** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED LIST**

☒   (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   (BY FAX) At    , I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (310) 203-0567 and was reported as complete and without error. The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

☐   (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☐   (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on July 31, 2008 at Los Angeles, California.

☐   (STATE)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                  /s/ Claudean Brandon
                  CLAUDEAN BRANDON

EXHIBIT C-21

1  Estate Financial Mortgage Fund, LLC,
   a California limited liability company;
2  Case No. 9:08-bk-11535 RR

3                                    SERVICE LIST

4

5

6  Debtor                                      Attnys for Debtor
   Estate Financial Mortgage Fund, LLC         Lewis R Landau
7  806 9th Street, Suite 1A                    Lewis R Landau Attorney at Law
   Paso Robles, CA 93446                       23564 Calabasas Rd Ste 104
8                                              Calabasas, CA 91302

9

10 United States Trustee (ND)                  Marjorie L Erickson
   21051 Warner Center Lane, Suite 115         128 E Carrillo St
11 Woodland Hills, CA 91367                    Santa Barbara, CA 93101

12

13

14 Chapter 11 Trustee
   Bradley D. Sharp
15 Development Specialist, Inc.
   333 South Grand Avenue, Ste 4070
16 Los Angeles, CA 90071-1544

17

18 REQUEST FOR SPECIAL NOTICE

19

20

21 William C. Beall                            Louise Kalshan
   Beall & Burkhardt                           440 Kerwin
22 1114 State Street, Suite 200                Cambria, CA 93428
   Santa Barbara, CA 93101
23

24 Katherine M. Windler                        David Gould, A Professional Corporation
25 Bryan Cave LLP                              Dissolution Mgr Estate Financial Mortgage
   120 Broadway #300                           Fund LLC
26 Santa Monica, CA, 90401                     23801 Calabasas Rd Ste 2032
                                               Calabasas, CA, 91302
27

28

                                                              EXHIBIT C-22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Shultheis
445 Via Bendita
Santa Barbara, CA 93110

Robert E. Hurlbett
3324 State Street, Suite O
Santa Barbara, CA 93105

Estate Financial, Inc.
633 West 5th Street, Ste 1600
Los Angeles, CA 90071

EXHIBIT C-23

1

2    Estate Financial Mortgage Fund, LLC,
     a California limited liability company;
3    Case No. 9:08-bk-11535 RR

4
                    **20 LARGEST UNSECURED**
5                          **CREDITORS**

6

7    Bryan Cave, LLP              Farella Braun & Martel    David G. Ure
     PO Box 503089                Russ Bldg., 236           PO Box 1930
8    St Louis, MO 63150-3089      Montgomery St.            Paso Robles, CA 93447
                                  San Francisco, CA 94104
9

10   FCI Lender Services, Inc.    Jeffrey S. Benice         Diehl & Rodewald
     8180 East Kaiser Blvd.       650 Town Center Drive,    1043 Pacific Street
11   Anaheim Hills, CA 92808-2277 Ste 1300                  San Luis Obispo, CA 93401
                                  Costa Mesa, CA 92626
12

13   Donald D. Harmata            Doss Law, A Law Corp.     Hastings Enterprises
     2201 Q Street                2020 Main Street, Ste 950 504 First Street, Ste A
14   Sacramento, CA 95816-6817    Irvine, CA 92614-8231     Paso Robles, CA 93446

15

16   McCormick Barstow LLP        Simon & Associates        S & S Rent-A-Fence
     PO Box 28912                 1606 Stockton St., Ste 207 PO Box 220027
17   Fresno, CA 93729-8912        San Francisco, CA 94133   Newhall, CA 91322-0027

18

19   Seid & Zucker, DPA's         Stein & Lubin             Brandz Services Inc.
     935 Riverside Avenue., Ste 1 600 Montgomery Street,    8491 Annandale Avenue
20   Paso Robles, CA 93446        14th Floor                Desert Hotsprings, CA 92240
                                  San Francisco, CA 94111
21

22   SLOCO Data                   Crawford & Bangs, LLP     Ventura Printing
     1635 W Grand Ave., Ste A     1290 E Center Court Drive 200 North Elevar Street
23   Grover Beach, CA 93433       Covina, CA 91724-3600     Oxnard, CA 93030

24

25   Chapparral                   Andrew W. Hayes
     PO Box 3828                   1220 Marsh Street
26   Paso Robles, CA 93447        San Luis Obispo, CA
                                  93401
27

28
                                                          EXHIBIT C-24

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES**

3

      I am employed in the City and County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067.

4

5

      On July 31, 2008 I served the document(s) described as **APPLICATION OF BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, FOR ORDER AUTHORIZING THE EMPLOYMENT OF JEFFER, MANGELS, BUTLER & MARMARO LLP AS GENERAL REORGANIZATION COUNSEL FOR CHAPTER 11 TRUSTEE** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

6

7

8

**SEE ATTACHED LIST**

9

☒    (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

10

11

12

☐    (BY FAX) At         , I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s).  The transmission originated from facsimile phone number (310) 203-0567 and was reported as complete and without error.  The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

13

14

15

☐    (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

16

17

☐    (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

18

19

Executed on July 31, 2008 at Los Angeles, California.

20

☐    (STATE)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

☒    (FEDERAL)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22

                       /s/ Claudean Brandon

23

                       CLAUDEAN BRANDON

24

25

26

27

28

1   Estate Financial Mortgage Fund, LLC,
    a California limited liability company;
2   Case No. 9:08-bk-11535 RR

3                   <u>SERVICE LIST</u>

4

5

6   <u>Debtor</u>                              <u>Attnys for Debtor</u>
    Estate Financial Mortgage Fund, LLC     Lewis R Landau
7   806 9th Street, Suite 1A          Lewis R Landau Attorney at Law
    Paso Robles, CA 93446            23564 Calabasas Rd Ste 104
8                                 Calabasas, CA 91302

9

10   United States Trustee (ND)         Marjorie L Erickson
    21051 Warner Center Lane, Suite 115    128 E Carrillo St
11   Woodland Hills, CA 91367         Santa Barbara, CA 93101

12

13   <u>Chapter 11 Trustee</u>
    Bradley D. Sharp
14   Development Specialist, Inc.
    333 South Grand Avenue, Ste 4070
15   Los Angeles, CA 90071-1544

16

17   <u>REQUEST FOR SPECIAL NOTICE</u>

18

19

20   <u>William C. Beall</u>                 <u>Louise Kalshan</u>
    Beall & Burkhardt              440 Kerwin
    1114 State Street, Suite 200       Cambria, CA 93428
21   Santa Barbara, CA 93101

22

23   Katherine M. Windler           David Gould, A Professional Corporation
    Bryan Cave LLP              Dissolution Mgr Estate Financial Mortgage
24   120 Broadway #300             Fund LLC
    Santa Monica, CA, 90401         23801 Calabasas Rd Ste 2032
25                                 Calabasas, CA, 91302

26

27

28

PRINTED ON
RECYCLED PAPER

    4506327v1

1
2   Shultheis                          Estate Financial, Inc.
    445 Via Bendita                    633 West 5th Street, Ste 1600
3   Santa Barbara, CA 93110            Los Angeles, CA 90071

4
5   Robert E. Hurlbett
    3324 State Street, Suite O
6   Santa Barbara, CA 93105

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PRINTED ON
RECYCLED PAPER

4506327v1